526 S.E.2d 705

**The STATE, Respondent,**

v.

**Reginald KINLOCH, Appellant.**

No. 25044.

Supreme Court of South Carolina.

Heard Nov. 30, 1999.

Decided Jan. 10, 2000.

Deputy Chief Attorney Joseph L. Savitz, III, and Assistant Appellate Defender Aileen P. Clare, both of the South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, and Solicitor David P. Schwacke, of North Charleston, for respondent.

WALLER, Justice:

Appellant, Reginald Kinloch, was convicted of murder and sentenced to life imprisonment. We affirm.

## FACTS

Kinloch was accused of the August 27, 1994 murder of Venus Murphy, a prostitute. Murphy's skull had been crushed with a cement block. Kinloch admitted having consensual sex with Murphy sometime after midnight on August 27th, but maintained he had left Murphy between 3:00 and 4:00 a.m.

Kinloch did not testify at trial. However, he presented the testimony of his nephew, Kevin Molen, to the effect that Molen had seen Kinloch come home around 5:30 a.m. and go to sleep.[1] Around 6:30 a.m., Molen saw Kinloch's ex-girlfriend, Barbara Milligan, wearing a pair of white pants, walk to the clothesline and retrieve a pair of blue pants and a white shirt. She went into an abandoned house in the back yard and came out wearing the blue pants. She put the white pants into a trash bag. The trash bag was subsequently discovered by police and the white pants had blood spatters which matched the DNA analysis of both Murphy and Kinloch. According to Molen, Kinloch was not wearing white pants when he came home at 5:30 a.m.[2]

Subsequent to Molen's testimony, defense counsel proffered the testimony of Shirley Robinson,[3] to the effect that, a couple of months after Murphy's death, Robinson "met up" with Barbara Milligan. The two were smoking crack cocaine together when Milligan told Robinson she "got that bitch for fucking with my man." Kinloch contended the statement should be admitted as a "declaration against Milligan's penal interest." The trial court refused to allow Milligan's statement into evidence.

---

1. Molen and Kinloch shared a residence with other family members.

2. Police officers testified that Kinloch admitted to them that he was, in fact, wearing a pair of white pants while he was with the victim.

3. He also proffered the testimony of Shirley Smith. However, he does not appeal the trial court's exclusion of Smith's testimony.

## ISSUE

Did the trial court err in refusing to permit Kinloch to introduce the hearsay statement of Milligan?

## DISCUSSION

In *State v. Doctor,* 306 S.C. 527, 413 S.E.2d 36 (1992), we first adopted the rule that out-of-court statements against penal interest made by an unavailable declarant are admissible at trial. However, if offered to exculpate the accused in a criminal trial, they are admissible only if corroborating evidence **clearly** indicates the trustworthiness of the statements. *See also State v. Forney,* 321 S.C. 353, 468 S.E.2d 641 (1996). An abuse of discretion standard is applied to a trial judge's ruling on the issue of whether a statement is admissible as a declaration against penal interest. *Forney, supra.*

Rule 804(b)(3), SCRE, codified this exception to the hearsay rule. *State v. Cooper,* 334 S.C. 540, 514 S.E.2d 584 (1999). Rule 804(b)(3) provides:

Statement Against Interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. **A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.** (emphasis supplied).

We have not previously engaged in an in depth analysis of the precise degree of corroboration prerequisite to admission of a declaration against penal interest. Other courts, however, hold the party offering the statement bears a "formidable burden" in meeting the requirements of Rule 804(b)(3). *United States v. Lowe,* 65 F.3d 1137, 1146 (4th Cir.1995) *see also United States v. Salvador,* 820 F.2d 558, 561 (2d Cir.1987) (corroborating circumstances must be strong, not merely allowable); *United States v. Mackey,* 117 F.3d 24, 28–9 (1st Cir.1997), *cert. denied,* 522 U.S. 975, 118 S.Ct. 431, 139

L.Ed.2d 331 (1997) (corroborating circumstances requirement not unrealistically severe, but goes "beyond minimal corroboration," and trial court has substantial discretion in making finding on trustworthiness).  According to Weinstein, the rule does not require that **the information within the statement** be clearly corroborated, it means only that there be corroborating circumstances which clearly indicate the trustworthiness of the statement itself, i.e., that the statement was actually made.  The corroboration requirement is a preliminary determination as to the statement's admissibility, not an ultimate determination about the statement's truth.  5 *Weinstein's Federal Evidence,* § 804.06(5)(a) (2d Ed.1999).[4]

Here, we cannot say Milligan's alleged statement to Robinson has such **clearly** corroborating circumstances as to warrant its admission.  Robinson testified Milligan made the statement after smoking crack cocaine.  The fact that the alleged declarant had been smoking crack cocaine clearly reflects adversely on both Milligan's trustworthiness, and the trustworthiness of whether the statement was, in fact, made. *Accord United States v. MacDonald,* 688 F.2d 224 (4th Cir. 1982) (declarant's drug use rendered her inherently unreliable and trial court did not abuse its discretion in excluding alleged declaration against penal interest).  Moreover, Robinson testified Milligan made the statement a couple of months or a month after the victim's death.  The victim died in August 1994 which would mean Milligan made the statement to Robinson around October 1994.  However, Robinson was in jail until

---

4.  Courts appear divided as to any precise test for determining whether a declaration has been sufficiently corroborated.  *Compare United States v. Salvador,* 820 F.2d 558, 561–562 (2d Cir.1987) (corroboration of **both** the declarant's trustworthiness and of the statement's trustworthiness was required), *with United States v. Brainard,* 690 F.2d 1117, 1124 (4th Cir.1982) (rule requires not a determination that the declarant is credible, but a finding that the circumstances clearly indicate that the statement was not fabricated).  *See also United States v. Harty,* 930 F.2d 1257, 1264–65 (7th Cir.1991) (adopting two-part test that it must first be clear declarant actually **made** statement in question, and then there must be circumstantial evidence supporting the truth of the statement).  Notably, the *Harty* court modified this test, citing the United State's Supreme Court's opinion in *Dutton v. Evans* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), finding the second prong to require the hearsay testimony must possess indicia of reliability by virtue of its **inherent** trustworthiness, not by reference to other evidence at trial.

November 1994, and Milligan was in prison until April **1995.** Accordingly, the circumstances do not clearly indicate that the statement was not fabricated. *United States v. Brainard, supra. Accord United States v. Bagley,* 537 F.2d 162, 167 (5th Cir.1976) (excluding statement on basis of doubt as to whether it was made).

Kinloch nonetheless contends the testimony of his cousin Molen to the effect that he witnessed Milligan putting white pants in a trash bag outside Kinloch's house on the morning after the murder is sufficiently corroborative. While Molen's testimony may be **some** evidence of corroboration, it is not, in our opinion, so **clearly** corroborating as to render the trial court's exclusion of this testimony an abuse of discretion. *Accord United States v. Salvador,* 820 F.2d at 561 (inference of trustworthiness from proffered corroborating circumstances must be strong, not merely allowable, not an insignificant hurdle); *United States v. MacDonald, supra* (notwithstanding defendant was able to point to a number of corroborating circumstances, he did not demonstrate, finally, that declaration was trustworthy); *see also* Mueller and Kirkpatrick, *Modern Evidence* § 8.64 at p. 1393 (1995) (suggesting corroboration requirement may be partly satisfied by additional proof statement was made but that doubts on this score can undercut other corroborative circumstances).

Moreover, we find insufficient corroboration under the cases of this Court. In *State v. Forney, supra,* the unavailable declarant allegedly admitted to a total of five witness that he had been the triggerman in murdering the victim. We found no independent evidence corroborating the declarant's claim, and found the declarant's credibility questionable, given that he had told a sixth person he had not killed the victim. Accordingly, in *Forney,* we held the trial court did not abuse its discretion in excluding the statement. Here, the only person to whom Milligan made the allegedly inculpatory statement was Robinson, after the two had been smoking crack cocaine. Further, although Molen's testimony is some independent evidence of corroboration, his testimony was contradicted by police officers who testified, contrary to Molen, that Kinloch admitted he was wearing white pants on the night of the murder. As neither the making of the statement nor its

truth were clearly corroborated, we find no abuse of discretion in exclusion of Robinson's testimony. *Forney, supra.*

Finally, in *State v. Doctor, supra,* we reversed the trial court's exclusion of the hearsay statements of two nontestifying minors who had confessed, separately and in the presence of family members, to the crime. The nontestifying minors' testimony was directly corroborated by the testimony of a third testifying minor who admitted committing the crime with the two minors. Further, three independent witnesses testified they had seen all three of the minors in the stolen car with the stolen stereo on the day of the crime, and they had not seen the defendant Doctor in the car that day. Accordingly, we found sufficient corroboration both of the statements themselves, (i.e., that they had been made and not fabricated), and of the contents of the statements. Unlike the present case, the hearsay declarations in *Doctor* easily meet the standard of **clear** corroboration.[5]

We find no abuse of discretion in exclusion of Milligan's alleged declaration against penal interest. The judgment below is

**AFFIRMED.**[6]

FINNEY, C.J., TOAL, MOORE, and BURNETT, JJ., concur.

---

5. As pointed out in footnote 4, and as our holdings in *Forney* and *Doctor* indicate, the test for when a statement has been sufficiently corroborated is not precise. We decline, however, to adopt a specific test for determining whether a statement has been **clearly** corroborated. We find the matter is best left to the trial court's discretion after considering the totality of the circumstances under which a declaration against penal interest was made.

6. Although we need not rest our decision on this basis, we are also concerned with Kinloch's failure to demonstrate Milligan's "unavailability." To be admissible under Rule 804(b)(3), a witness must be "unavailable" as defined by Rule 804(a). The burden of showing unavailability is upon the party offering the witness. *See* M. Graham, *Federal Practice and Procedure–Evidence,* Vol. 31, § 6792 at p. 554 (1997). Moreover, according to *McCormick on Evidence,* mere absence of the declarant from the hearing, standing alone, does not establish unavailability. The proponent of the statement must also show he is unable to procure the declarant's attendance by process or other reasonable means. String, *McCormick on Evidence,* § 253, p. 134. (4th

Ed.1992). Although a lesser showing may be adequate as to defense witnesses in criminal cases than is necessary for the government's showing, **some effort** at locating the witness is necessary. *Id* at Nt. 28, p. 135. *Accord State v. Blankenship,* 198 W.Va. 290, 480 S.E.2d 178, 184 (1996) (where nothing in record demonstrated defendant had used substantial diligence to obtain presence of witness, he had failed to demonstrate unavailability and court properly refused to permit introduction of declarant's hearsay testimony). *See also State v. Brown,* 91 N.M. 320, 573 P.2d 675 (1977).

Here, there is simply **no** evidence Kinloch ever attempted to locate Milligan. Although Kinloch's cousin, Molen, testified he had not seen Milligan since 1994, Kinloch offered no reason for her unavailability, nor is there any indication in the record that he made any attempts to locate her or subpoena her for trial. Notwithstanding the state's concession at oral argument before this Court that it was unable to locate Milligan prior to trial, the mere fact that the government and defense are unaware of a declarant's whereabouts does not establish "unavailability." *See United States v. Draiman,* 784 F.2d 248, 258 (7th Cir.1986). *See also* 29 Am.Jur.2d *Evidence* § 692 (1994). The mere fact that the **state** was unable to locate a witness does not relieve the party offering the testimony of the burden of demonstrating unavailability. At best, in our opinion, the issue of Milligan's unavailability is a matter for exploration on post-conviction relief.