543 S.E.2d 237

**Claude Roy DODD, Respondent,**

v.

**Bruce A. BERLINSKY, As Trustee for Kristen Leigh Cook Kerrison, Appellant.**

**No. 3279.**

Court of Appeals of South Carolina.

Heard Dec. 12, 2000.

Decided Jan. 8, 2001.

Harold A. Oberman, of Oberman & Oberman; and Barry I. Baker, both of Charleston, for appellant.

Mendel J. Davis, of Mt. Pleasant, for respondent.

STILWELL, Judge:

Claude Roy Dodd brought an action to terminate a trust he established in favor of Kristen Leigh Cook Kerrison in settlement of a civil lawsuit. The trial court terminated the trust and ordered the trustee to reconvey to Dodd the real property which was a portion of the trust's corpus. The trustee, Bruce A. Berlinsky, appeals. We reverse.

## BACKGROUND

In March 1984, Dodd was indicted for assault with intent to commit criminal sexual conduct in the first degree, criminal sexual conduct with a minor in the first degree, and lewd act on a minor.[1] Kerrison was the alleged victim. On October 17, 1984, Dodd entered into an agreement with Kerrison's father, who was acting on behalf of himself and as Kerrison's guardian ad litem, to settle their civil claims.

As part of the settlement, Dodd created a trust in favor of Kerrison. Dodd conveyed three tracts of improved real property to the trust, retaining for himself a life estate. He also paid a total of $12,000 into the trust in three installments. In addition, he was required to pay $200 a month into the trust.

The trust was to terminate upon Dodd's death if Kerrison was at least twenty-five years old at the time. If Kerrison had not yet turned twenty-five at the time of Dodd's death, the property and funds were to remain in trust until she reached age twenty-five. The trust agreement included a spendthrift provision, providing "[t]he interest of any beneficiary in the corpus or income of this trust shall not be subject to assignment, alienation, pledge, attachment, or claims of creditors, and may not otherwise be voluntarily or involuntarily alienated or encumbered by any such beneficiary." In addition, the trust agreement stated, "This trust is irrevocable, and neither the Grantor nor any other person shall have the right to alter, amend, revoke, or terminate it." The circuit court issued an order authorizing and approving the settlement.

On May 17, 1993, Kerrison signed an affidavit denying Dodd ever fondled her or attempted to have sex with her. She asserted her desire for Dodd to stop paying into the trust and for his property to be returned to him. Kerrison, who was nineteen years old when she executed the affidavit, stated she signed the affidavit without any threats or promises.

After Kerrison executed the affidavit, Dodd stopped making monthly payments into the trust. At a hearing held pursuant to a rule to show cause brought by Berlinsky, Kerrison stated

---

1. Dodd subsequently pled guilty to lewd act on a minor, receiving an eight year sentence suspended upon four years of probation.

under oath that the statements she made in her affidavit were not true. Kerrison explained she had made the statements in the affidavit because Dodd was more kind to her than anyone, including her family, and she hoped Dodd would respond by providing her with gifts, money, and a car as he had done in the past.

The master in equity decided a ruling on the matter based on a motion hearing was inappropriate and a trial on the merits was warranted. In view of Kerrison's conflicting statements, the master held Dodd would be relieved of making the monthly payments into the trust until there was a final decision.

Dodd brought this action in August 1995. The matter was referred to the master in equity for a final decree with appeal directly to the supreme court. Dodd failed to subpoena Kerrison, and she did not appear at the trial. Over Berlinsky's objection, Kerrison's May 1993 affidavit was admitted into evidence. The trial court held Berlinsky provided no evidence to refute Dodd's testimony or the contents of Kerrison's affidavit. The trial court further held that in the interest of justice, the trust should be dissolved. Based upon Dodd's request, the court ordered the funds remaining in the trust disbursed to Kerrison and the real property returned to Dodd. In denying Berlinsky's motion to alter or amend the judgment, the trial court held the evidence at trial was clear and convincing that the trust was induced by fraud.

## DISCUSSION

### I. Admission of Kerrison's Affidavit

■ Berlinsky argues the trial court erred in admitting the affidavit into evidence under the hearsay exception of Rule 804(b)(3), SCRE, since Dodd did not show Kerrison's "unavailability" under Rule 804(a)(5), SCRE. We agree.

■ A trial judge's determination of whether a statement is admissible under Rule 804(b)(3) will not be disturbed absent an abuse of discretion. *See State v. Kinloch*, 338 S.C. 385, 388, 526 S.E.2d 705, 706 (2000); *State v. Prioleau*, 339 S.C. 605, 610, 529 S.E.2d 561, 563 (Ct.App.2000). Rule 804(b)(3), SCRE, provides an exception to the hearsay rule for a state-

ment against a declarant's pecuniary or proprietary interest, or one that would subject the declarant to civil or criminal liability, when the declarant is unavailable as a witness. According to the rule, "unavailability as a witness" includes a situation in which the declarant "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance ... *by process or other reasonable means.*" Rule 804(a)(5), SCRE (emphasis added).

The party offering the statement bears the burden of establishing unavailability. *Kinloch*, 338 S.C. at 391 n. 6, 526 S.E.2d at 708 n. 6; *Eldridge v. City of Greenwood*, 331 S.C. 398, 431–32, 503 S.E.2d 191, 208–09 (Ct.App.1998). The mere absence of the declarant from the hearing does not establish unavailability. *Kinloch*, 338 S.C. at 391 n. 6, 526 S.E.2d at 708 n. 6. Even though in *Kinloch* the primary issue was whether the out of court statement was sufficiently corroborated, the supreme court was troubled by the proponent's failure to offer any reason for the witness' unavailability and the lack of any evidence of efforts to locate the witness. *Id.* (stating "*some effort* at locating the witness is necessary"). The supreme court noted that even though the State acknowledged at oral argument it was likewise unable to locate the witness prior to trial, the State's concession did not relieve the party offering the testimony of the burden of demonstrating unavailability. *Id.*

At the hearing, Dodd's attorney stated neither he nor opposing counsel was able to find Kerrison. Dodd's counsel explained that he had spoken with Kerrison's mother about her daughter's whereabouts, but "[Kerrison] ... roams, and has no definite place that we could ever locate her." However, Dodd did not attempt to subpoena Kerrison. After the trial court admitted the affidavit, Dodd testified "I have contact with [Kerrison] all the time, but I don't know where she is now." In response to a question about where Kerrison lives, Dodd said he knew where Kerrison was and explained she was on probation and had to report approximately once a week. He also stated she could be found in "two minutes."

Berlinsky immediately moved to exclude the affidavit based on Dodd's testimony, but the trial court refused. We find this refusal to be in error. Although Dodd's attorney claimed he

could not find Kerrison, he did not try to obtain her presence by process. While Dodd argues on appeal that he used "all reasonable means to contact" Kerrison, Dodd himself testified she could be located through her probation reports. In addition, the fact that Berlinsky had been unable to locate Kerrison does not relieve Dodd of the burden of demonstrating she was unavailable under Rule 804(a)(5), SCRE. We find Dodd failed to meet his burden of establishing Kerrison was unavailable to testify. Accordingly, the trial court erred in admitting Kerrison's affidavit pursuant to Rule 804(b)(3), SCRE.

## II. Termination of the Trust

■ Berlinsky argues the trial court erred in terminating the trust, which by its explicit and unequivocal terms is irrevocable, based on a finding of fraud. We agree.

■ As a general rule, a trust cannot be revoked unless such a power is reserved in the trust agreement. *Chiles v. Chiles*, 270 S.C. 379, 384, 242 S.E.2d 426, 429 (1978). However, a court in equity can terminate even an irrevocable trust where the trust was procured through fraud, undue influence, duress, or coercion. 76 Am.Jur.2d *Trusts* §§ 101, 119 (1992). Whether any of these grounds for termination exists is ordinarily a question of fact. *Id.* § 119. As this is an action in equity tried by a master alone, this court may take its own view of the preponderance of the evidence. *Townes Assocs. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).

Dodd executed the trust as part of the overall settlement agreement reached with Kerrison through the offices of her guardian ad litem. In return for the creation of the trust, Kerrison released Dodd from any and all civil claims she may have had arising from the incidents that led to his indictment for the criminal charges. In the settlement agreement, Dodd did not admit any wrongdoing. Whether he was guilty of the wrongdoing or not is immaterial because, as do many defendants in civil cases, he chose to settle rather than risk the unknown. Accordingly, we find the trust agreement was the result of Dodd's desire to settle civil claims and avoid the uncertainty of trial rather than any fraud perpetrated upon him.

We conclude the trial court erred in terminating the trust. The decision of the trial court is, therefore,

**REVERSED.**

HEARN, C.J., and ANDERSON, J., concur.