THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Robert J.
 Phipps, Appellant.
 
 
 

Appeal From Spartanburg County
 Roger L. Couch, Special Circuit Court
Judge

Unpublished Opinion No.  2012-UP-018 
 Heard December 7, 2011  Filed January 25,
2012

AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, of
 Columbia, for Appellant.
 Attorney General Alan M. Wilson, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III,
 all of Columbia; and Solicitor Barry Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Robert Phipps appeals his murder
 conviction and sentence.  He contends the trial court erred in denying his
 motion to dismiss and in excluding testimony regarding an anonymous tip.  We
 affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the
 trial court erred in denying Phipps's motion to dismiss: State v. Cheeseboro, 346 S.C. 526, 538-39, 552 S.E.2d 300, 307 (2001) (requiring a
 defendant seeking dismissal based on loss of evidence prove either (1) the
 State destroyed the evidence in bad faith or (2) the evidence possessed an
 exculpatory value apparent before the evidence was destroyed and the defendant
 cannot obtain other evidence of comparable value by other means).
2.  As to whether the
 trial court erred in excluding testimony regarding an anonymous tip: Rule 804(b)(2), SCRE (providing that, in order for
 statement made under belief of impending death to qualify for exception to rule
 excluding hearsay, declarant must have made statement while believing his death
 was imminent); Rule 804(b)(3), SCRE (providing that, in order for statement
 against interest to qualify for exception to rule excluding hearsay, statement
 must have so far tended to subject declarant to criminal liability that no
 reasonable person in declarant's position would have made statement unless he
 believed it was true); State v. Kinloch, 338 S.C. 385, 389, 526 S.E.2d
 705, 707 (2000) (holding statement tending to expose declarant to criminal
 liability and offered to exculpate the accused is not admissible unless
 corroborating circumstances clearly indicate the statement was actually made); State
 v. Burgess, 391 S.C. 15, 22, 703 S.E.2d 512, 516 (Ct. App. 2010) (holding defendant's
 right to present complete defense was not violated when the trial court
 correctly excluded evidence under valid evidence rule). 
AFFIRMED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.