THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Tyrese R. Chisolm,       
Appellant.
 
 
 

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2004-UP-499
Submitted September 15, 2004  Filed 
 October 5, 2004

REVERSED AND REMANDED

 
 
 
Assistant Appellate Defender 
 Aileen P. Clare, of Columbia, for Appellant.
Attorney General Henry Dargan 
 McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney 
 General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, 
 Jr., all of Columbia; and Solicitor Ralph E. Hoisington, of Charleston, for 
 Respondent.
 
 
 

PER CURIAM:  Tyrese R. Chisolm appeals his 
 second-degree burglary conviction, arguing the trial court erred in refusing 
 to allow rehabilitative evidence of his alibi witness truthful character.  
 We reverse and remand for a new trial. 
 [1] 
FACTS
Doug Sweeney and his friend, Jackson Goss, stopped 
 by Sweeneys apartment building and were almost to the front door when a man 
 they did not recognize came out of the doorway with a green bicycle.  The men 
 exchanged hellos and Sweeney and Goss went inside.  When Sweeney thought to 
 himself that the man did not look like someone who would be visiting his downstairs 
 neighbors, he asked his roommate whether the neighbors had a green bicycle.  
 She said they did and told him one of her own bicycles had been stolen only 
 two hours earlier.  Sweeney called 911 and with Goss help, provided a description 
 of the man.  
Sarah Samuel, Sweeneys neighbor, testified 
 her green bicycle was taken from the apartment building.  She had left the bicycle 
 under a stairwell inside the building.  When she returned, the police were there 
 and she learned of the theft.  
An officer patrolling the area where 
 the burglary occurred noticed Chisolm, who matched the burglars description 
 and was on a green bicycle.  Chisolm attempted to escape when the officer asked 
 him to stop, eventually leaving the bicycle and fleeing on foot.  However, the 
 officer caught up with him.  Chisolm was taken into custody at approximately 
 4:15, about an hour to an hour and fifteen minutes after Sweeney and Goss first 
 saw the burglar.  
Chisolm presented an alibi defense.  
 He testified he was at the Steinberg Law Firm at the time of the crime, waiting 
 to see Steven Goldberg regarding a workers compensation claim.  He claimed 
 that after he left the office, he purchased the bicycle and a cell phone from 
 a man fitting the burglars description.  
Critical to Chisolms defense was the 
 testimony of Walter Bilbro, an attorney who had associated members of the Steinberg 
 firm on Chisolms workers compensation case.  Bilbro testified he had reminded 
 Chisolm of his 1:00 p.m. appointment with Goldberg and that at approximately 
 3:50 p.m. Chisolm called him from the firm to tell him he had been waiting for 
 Goldberg but Goldberg failed to meet him.  Bilbro testified Chisolm put a receptionist 
 on the phone at Bilbros request and she confirmed that Chisolm had been waiting 
 and that Goldberg was not in the office.  Other witnesses placed Chisolm 
 at the firm that afternoon, and testified he waited a considerable time for 
 Goldberg, but they were not able to confirm precisely when Chisolm was there.  

During Bilbros direct testimony, he 
 admitted the Supreme Court had publicly reprimanded him.  During the States 
 cross-examination, Bilbro revealed he was reprimanded for violating the rule 
 requiring attorneys to refrain from conduct involving dishonesty, fraud, deceit, 
 or misrepresentation and for violating the rule that prohibits an attorney from 
 engaging in conduct tending to bring the legal profession into disrepute.  In 
 response, the defense asked to submit the testimony of another attorney in the 
 community who would speak positively regarding Bilbros reputation for honesty.  
 The court refused to admit the testimony, citing the possibility of several 
 witnesses for each side on the issue.  The court reasoned the dueling testimony 
 could distract everyone from the true purpose of the trialChisolms guilt 
 or innocence.  The prosecution and defense stipulated that if allowed, 
 the defense would have called attorney Stephen Booker, who would have testified 
 he had dealt with Bilbro on many cases, working both with him and against him; 
 that he knew his reputation for truthfulness in the community; and that his 
 reputation in the legal community is that he is truthful.  
DISCUSSION
The admission of evidence is within the 
 trial courts sound discretion and will not be reversed on appeal absent an 
 abuse of that discretion.  An abuse of discretion occurs when the trial courts 
 ruling is based on an error of law.  State v. McDonald, 343 S.C. 319, 
 325, 540 S.E.2d 464, 467 (2000).  Evidence of a witness truthful character 
 is only admissible after the witness character for truthfulness has been attacked 
 by opinion or reputation evidence or otherwise.  Rule 608(a)(2), SCRE.  Impeachment 
 is not a dispassionate study of the witnesss capacities and character, but 
 rather is regarded in our tradition as an attack upon his credibility.  
 Under our adversary system of trials, the witnesss proponent must be given 
 an opportunity to meet this attack by evidence rehabilitating the witness.  
 1 McCormick on Evidence § 47 (5th ed. 1999).
Here, the State attacked Bilbros character for 
 truthfulness by inquiring about the details of his public reprimand.  The States 
 examination revealed Bilbro had been reprimanded for violating Rule 407, which 
 prohibits attorneys from engaging in dishonesty, fraud, deceit or misrepresentation.  
 The prosecutor had Bilbro read the rule into the record.  The States cross-examination 
 clearly was intended to damage Bilbros credibility as a truthful witness.  
 Evidence of his truthful character, such as Bookers testimony, was thereby 
 rendered admissible under Rule 608(a)(2).  The trial courts refusal to admit 
 the proffered evidence was thus governed by an error of law.  Further, because 
 Bilbros testimony was central to Chisolms defense, the exclusion of evidence 
 of his truthful reputation cannot be considered harmless.  See State 
 v. Bell, 302 S.C. 18, 27, 393 S.E.2d 364, 369 (1990) (holding exclusion 
 of evidence is reversible only where error and prejudice are shown); State 
 v. Mitchell, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (holding whether 
 an error is harmless depends on the circumstances of the case, but it is harmless 
 where it could not reasonably have changed the outcome of the trial).
REVERSED AND REMANDED.
STILWELL, BEATTY, and SHORT, JJ., concur.

 
 
 [1]        This appeal was originally submitted pursuant to Anders 
 v. California, 386 U.S. 738 (1967).  The court denied counsels petition 
 to be relieved and ordered re-briefing on this issue.  We decide this case 
 without oral argument pursuant to Rule 215, SCACR.