THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
John H. Garvin, Appellant.
 
 
 

Appeal From Newberry County
 James W. Johnson, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-388
Submitted November 1, 2006  Filed November 28, 2006

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster; Chief Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Salley W. Elliott;
Assistant Attorney General Deborah R. J. Shupe; all of Columbia; and Solicitor Jerry W. Peace, of Greenwood, for Respondent.
 
 
 

PER CURIAM: John H. Garvin appeals from his convictions for assault with intent to commit criminal sexual conduct with a minor and lewd act on a minor.  Garvin argues the trial court erred in refusing to allow him to introduce evidence of the victims behavior problems at school to rebut the States evidence that the victim passively succumbed to a sexual assault by an adult.  We affirm.[1]
FACTS
On December 30, 2002, Garvin spent the night at the eleven-year-old victims home.  Garvin was a long-time friend of the victims family and was in a relationship with the victims grandmother.  In the home that night were the victims mother; her boyfriend; a woman named Linda, who was also a friend of the familys; and Garvin.   All the adults, with the exception of mothers boyfriend, were drinking that evening.  Sometime after midnight, they began retiring from the living room into their bedrooms.  The mother and her boyfriend went to the master bedroom, the victim went to his bedroom, and Linda was supposed to sleep in the victims brothers bedroom while Garvin slept on the couch.  Apparently, Linda did not go to her designated bedroom, and Garvin went to the victims mother to complain that Linda was bothering him.  The victims mother suggested he go to the victims bedroom for a few minutes in hopes Linda would leave him alone. Garvin did as he was told, and the victim testified Garvin lay beside him on the bed.  According to the victim, Garvin then pulled down the victims pajama pants and touched his privates. At that point, the victims mother walked into the room to inform Garvin that Linda had left the living room and had gone to bed.  Garvin left the room.  
The victim testified that later in the night, Garvin returned to the victims room and again removed the victims pajama pants.  This time, Garvin attempted to penetrate the victims anus.  Garvin then left the bedroom and went into the other bedroom where Linda was sleeping.  The victim went to the bathroom and noticed something wet on his leg.  He testified that he was too scared to tell anyone about the incident the next morning because Garvin was still at his house.  The afternoon following the incident, the victim visited with his father for a few days.  The victim testified he did not tell his father about what happened because he was afraid his father would kill Garvin.  Once the victim returned to his mothers house, he informed her of the incident.  His mother testified she was so distraught over the news that she kept the victim out of school for two days.  On the third day, the victims mother brought the victim to the school counselors office, where the victim reported what had happened.  The counselor contacted the police. 
During the investigation, the police learned the sheets on the victims bed and the victims pajamas had been washed while the victim had visited his father; however, the quilt on the victims bed had not been washed.  The police sent the quilt to SLED.  Test results revealed that the quilt contained Garvins sperm and that the sperm was not mixed with any genetic material from a female.  
Garvin was indicted and tried for assault with attempt to commit criminal sexual conduct with a minor and lewd act on a minor.  Prior to trial, he made a motion seeking to introduce school and mental health records which indicated the victim had gotten in trouble numerous times for arguing with adults, deliberately annoying people, and blaming others for his mistakes.  The trial court denied the motion, finding none of the records shed light on the victims credibility.  
At trial, Garvin denied the allegations.  He claimed that the quilt on which his sperm was found had been part of the bedding given to him for his overnight stay on the couch.  According to Garvin, he and Linda attempted to have sex, but he ejaculated prematurely onto the quilt.  
The jury convicted Garvin, and the trial judge sentenced Garvin to concurrent sentences of twenty years for the assault with intent to commit criminal sexual conduct and fifteen years for the lewd act.  This appeal followed. 
STANDARD OF REVIEW
The decision to admit or exclude evidence is left to the sound discretion of the trial court and will not be reversed absent an abuse of that discretion.  State v. Gaster, 349 S.C. 545, 556, 654 S.E.2d 87, 93 (2002).    An abuse of discretion occurs when the trial courts ruling is based on legal error or when there are no facts to support the ruling.   State v. McDonald, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000).
LAW/ANALYSIS
Garvins only argument on appeal is that the trial court erred in refusing to admit the victims school and mental health records.  Specifically, Garvin argues the behavioral records were relevant to show both that Doe was the type of child who confronted adults  not passively succumbed  and that Doe was likely to invent the incident to direct attention to himself.  We disagree.
Evidence is relevant if it tends to establish or make more or less probable some matter in issue upon which it directly or indirectly bears.  State v. Alexander, 303 S.C. 377, 380, 401 S.E.2d 146, 148 (1991).  Character evidence is generally not relevant, except that evidence of a pertinent character trait of a crime victim offered by an accused can be admitted.  Rule 404(a)(2),
SCRE.
The trial court found the school records did not reveal a pertinent character trait, and there is evidence in the record to support that finding.  See State v. Wilson, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001) (explaining the appellate court will affirm the trial courts determination regarding the admissibility of evidence if there is any evidence to support that determination).  Here, the school records merely showed the victim had a history of being defiant and oppositional toward adults.  Although the defense argues this evidence would rebut the victims claim that he passively submitted to [Garvin] without making any commotion, we do not believe a childs reaction to a teachers authority in any way gauges that childs reaction to being sexually assaulted.  Unlike the State, which presented an expert witness to explain why children often delay reporting a sexual assault, the defense did not present any authority to support its argument that a child who misbehaves in school would aggressively resist the sexual advances of a family friend.  Because the school and mental health records did not indicate the victim had a history of untruthfulness or of making false accusations, we find the trial court did not abuse its discretion by excluding them as irrelevant.
CONCLUSION
Accordingly, Garvins conviction is
AFFIRMED.
HEARN, C.J., and KITTREDGE and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215(a), SCACR.