THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In the Matter
 of the Care and Treatment of Roger Dale McCoy, Appellant.
 
 
 

Appeal From Greenville County
 Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2008-UP-261
Heard March 6, 2008  Filed May 15, 2008

AFFIRMED

 
 
 
 Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Attorney General Deborah R. J. Shupe, Assistant
 Attorney General R. Westmoreland Clarkson, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  In
 this commitment action under the Sexually Violent Predator Act (Act)[1], Roger Dale McCoy appeals the circuit
 courts allowance of certain testimony by the States expert witness.  McCoy
 contends the testimony was irrelevant, was unfairly prejudicial, and improperly brought into issue the character of his
 expert witness.  We affirm.  
FACTS
McCoy pled guilty to two counts of first-degree criminal sexual
 conduct and one count of indecent exposure.  He was incarcerated for those crimes
 in 1998.  In 2004, pursuant to the Act, the South Carolina Department of
 Corrections (Department) assessed McCoy and determined he was a sexually
 violent predator as defined by section 44-48-30 of the South Carolina Code. 
 The Department then petitioned the circuit court to order a formal evaluation
 of McCoy and, if a jury determined he was a sexually violent predator under the
 Act, to commit McCoy to the custody of the South Carolina Department of Mental
 Health for care and treatment until he could safely re-enter society.    
The circuit court found probable cause existed for McCoys
 continued detention and ordered McCoy evaluated.  On June 21, 2005, the circuit
 court tried the issue of whether McCoy should be committed as a sexually
 violent predator.  During the trial, McCoy cross-examined the States expert
 witness, Dr. Pamela Crawford, as to her expert opinion. McCoy then presented
 attorney Larry Crane, who testified Dr. Crawfords testimony in McCoys trial
 differed from her testimony in prior sexually violent predator trials.  During
 Dr. Crawfords rebuttal testimony, McCoy questioned whether she had referred a
 serial rapist to the defense expert, Dr. Thomas Martin, and attorney Crane.  Dr.
 Crawfords affirmative response included statements that Dr. Martin was [a]
 doctor who had a very liberal sense of letting people go and who lets people
 go and is known in the community for letting people go when theyre very
 dangerous.  Dr. Crawford further stated she had recommended Dr. Martin and
 Crane to the other patient because she believed they were the people most
 likely to get [him] off.  McCoy objected to these statements.  Although the
 circuit court stopped Dr. Crawford from testifying as to the details of another
 case in which Crane represented a sexually violent predator, it permitted Dr.
 Crawford to continue her testimony regarding Dr. Martin and Crane and allowed
 McCoy to question Dr. Crawford further.  
The jury ultimately found McCoy was a sexually violent predator. 
 The circuit court ordered McCoy committed to the Department of Mental Health for
 long-term treatment upon completion of his sentence.  This appeal followed.
STANDARD OF REVIEW
The
 admission of evidence is within the discretion of the circuit court and will
 not be reversed by an appellate court absent an abuse of discretion.  State
 v. McDonald, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000).  A circuit
 courts ruling on the admissibility of an experts testimony constitutes an
 abuse of discretion when the ruling is manifestly arbitrary, unreasonable, or
 unfair.  Fields v. Regional Med. Ctr. Orangeburg, 363 S.C. 19, 26, 609
 S.E.2d 506, 509 (2005).  
LAW/ANALYSIS
McCoy
 argues the circuit court erred in allowing Dr. Crawfords testimony concerning Dr.
 Martin.  McCoy contends the testimony was irrelevant, was unfairly prejudicial,
 and improperly brought into issue Dr. Martins character.  We disagree.  
I. Relevance
McCoys
 objection to Dr. Crawfords testimony as irrelevant is unpersuasive.  Relevant
 evidence means evidence having any tendency to make the existence of any fact
 that is of consequence to the determination of the action more probable or less
 probable than it would be without the evidence.  Rule 401, SCRE.  A witness
 may be cross-examined on any matter relevant to any issue in the case,
 including credibility.  Rule 611, SCRE.  A witness may be re-examined and
 cross-examined to rebut the testimony of another witness.  Id.  Any
 party may impeach a witness.  Rule 607, SCRE.  
Under
 Rule 401, Dr. Crawfords credentials, expert opinion, and credibility were all
 relevant to the question of whether McCoy fit the criteria of a sexually
 violent predator under the Act.  As an expert witness, Dr. Crawford offered
 expert testimony on which the jury could choose to rely in making its decision. 
 McCoys first cross-examination of Dr. Crawford elicited her credentials and tested
 her expert opinion.  After examining attorney Crane regarding Dr. Crawfords
 testimony at prior trials, McCoy attempted to use his second cross-examination
 of Dr. Crawford to diminish her credibility.  During this second encounter,
 McCoy questioned whether Dr. Crawford had referred another patient to Dr.
 Martin and attorney Crane.  Dr. Crawford answered and explained why she had
 made the referral.  The circuit court maintained control over the interrogation
 of Dr. Crawford, stopping her answer when it no longer pertained to the
 question and exercising appropriate discretion by allowing Dr. Crawford to
 explain her answer.  Because Dr. Crawfords statements were relevant, the
 circuit court did not abuse its discretion in admitting her testimony.  
II. Unfair Prejudice
McCoys
 argument that even if Dr. Crawfords testimony was relevant, it nevertheless was
 unfairly prejudicial, is equally unsuccessful.  Otherwise relevant evidence
 may be excluded if its probative value is substantially outweighed by the
 danger of unfair prejudice.  Rule 403, SCRE.  To warrant reversal based on the
 admission or exclusion of evidence, the complaining party must prove both the
 error of the ruling and the resulting prejudice.  Fields, 363 S.C. at
 26, 609 S.E.2d at 509.  To show prejudice, reasonable probability must exist
 that the jurys verdict was influenced by the challenged evidence or the lack
 thereof.  Id.  
On
 appeal, McCoy fails to prove prejudice.  McCoy asserts Dr. Crawfords testimony
 implied Dr. Martins professional opinion was for sale and the State
 exploited this testimony in closing argument.  However, the trial transcript
 supports neither assertion.  Dr. Crawfords assessment of Dr. Martin as a
 doctor with a very liberal sense of letting people go recognized the doctors
 opinions differed vastly without impugning Dr. Martins integrity as an honest
 practitioner.  In closing argument, both parties attempted to spin Dr.
 Crawfords statements in a light favorable to their respective positions. 
 McCoy ridiculed Dr. Crawfords reasoning for her referral as preposterous. 
 The State characterized it as honesty and good faith.  Neither party
 insinuated this testimony condemned Dr. Martin.  The trial transcript simply
 does not support an inference of reasonable probability that the disputed
 testimony influenced the jury.  Therefore, the circuit court did not err in
 admitting Dr. Crawfords testimony.
III.  Hearsay
During
 cross-examination of Dr. Crawford, McCoy objected to her testimony, stating,
 And its hearsay about Dr. Martins reputation in the community.  This argument
 is also meritless.  With limited exceptions, [e]vidence of a persons
 character or a trait of character is not admissible for the purpose of proving
 action in conformity therewith on a particular occasion.  Rule 404(a), SCRE.  McCoy
 seems to argue on appeal Dr. Crawfords testimony was offered as evidence that
 the defense expert may have been mistaken in an unrelated case.  However,
 McCoy, and not the State, elicited this testimony from Dr. Crawford.  Neither
 the State nor Dr. Crawford offered this testimony for the purpose of proving
 action in conformity with a trait of Dr. Martins character, but rather for
 the purpose of explaining the bases of Dr. Crawfords decision to make a
 referral brought into issue by McCoy himself.  Consequently, Rule 404(a) does
not apply, and the circuit court did not err in admitting this testimony.  
CONCLUSION
The
 circuit court did not err in admitting Dr. Crawfords testimony concerning her
 decision to refer another patient to Dr. Martin.  With her credibility under
 attack, Dr. Crawford explained the bases for her decision to make the referral,
 and no prejudice resulted.  Accordingly, the decision of the circuit court is
AFFIRMED.  
HEARN, C.J.,
 PIEPER, J., and CURETON, A.J., concur.

[1] S.C. Code Ann. §§ 44-48-10 to -170 (Supp. 2007).