# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

The State, Respondent,

v.

William Howard Heath, Appellant.

Appellate Case No. 2018-000938

———————

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

———————

Opinion No. 5825
Heard December 8, 2020 – Filed June 16, 2021

———————

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

———————

Appellate Defender David Alexander, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia; and Solicitor Samuel R. Hubbard, III,
of Lexington, for Respondent.

———————

**LOCKEMY, C.J.:** William Howard Heath appeals his convictions for first-degree
criminal sexual conduct (CSC) with a minor, second-degree CSC with a minor,
and two counts of third-degree CSC, as well as his sentence of life imprisonment.
On appeal, Heath argues the trial court abused its discretion by (1) admitting three
unfairly prejudicial photographs, (2) admitting the victim's hearsay statements to
law enforcement after the assault, and (3) sentencing him to life imprisonment after

the legislature amended the sentencing statute within the indictment date range. We affirm in part but vacate Heath's life sentence and remand for resentencing on the conviction for first-degree CSC with a minor.

**FACTS/PROCEDURAL HISTORY**

A Lexington County grand jury indicted Heath for first-degree CSC with a minor for offenses occurring from September 14, 2004, to September 15, 2007; second-degree CSC with a minor with a date range of September 17, 2011, to September 15, 2013; and two counts of third-degree CSC with a date range of December 1, 2014, and April 26, 2015.

At trial, Heath's biological daughter (Victim) testified he sexually abused her multiple times when she was six or seven and threatened to kill her or her mother if she told anyone.[1]  She explained she would often resist, but if she did, he would hit her, pull her hair, or force himself upon her.  Victim testified about a long history of sexual abuse.  Specifically, she recalled one instance that occurred around his birthday.  She stated Heath often watched pornography on his iPad while he assaulted her.

Victim explained the most recent incident occurred on April 26, 2015.  Victim stated that after she resisted his sexual advances, he forced her to clean the house. He continued to make sexual advances and commanded her to his bedroom.  She recalled Heath took off her clothes and rubbed his genitals against her buttocks while watching pornography on his iPad.  She testified State's Exhibit 22 was a screenshot from the video Heath watched while he assaulted her.  Victim explained she ran out of Heath's bedroom and sent a text message explaining what happened to her aunt.  Her aunt contacted Victim's mother, who called the police.

Sergeant Caleb Black testified he responded to Heath's home and spoke with Victim.  He explained Victim's eyes were red from crying and she was visibly upset.  The State asked Sergeant Black what Victim told him had occurred, and Heath objected, arguing her statements were inadmissible hearsay.  The State argued Victim's statements were an excited utterance.  Heath asserted the statement was not made "in the heat of the moment" because too much time had passed.  The trial court sustained the objection.  Sergeant Black explained that when he talked to

---

[1] Based on Victim's age at trial, the range for those accusations spanned between 2004 and 2007.

Victim, she was on her bed, crying into her pillow. Deputies secured Heath's iPad from his bedroom.

After Victim testified, Sergeant Black was recalled as a witness. He explained that when he arrived on the scene, Victim was crying, her eyes were red, and she was visibly upset. Heath objected to Sergeant Black's testimony, arguing Victim's statements were hearsay. The trial court held Sergeant Black's testimony fell under three hearsay exceptions: (1) excited utterance, (2) res gestae, and (3) present sense impression. As to the excited utterance exception, the trial court held the exception applied because evidence was presented Victim had red eyes, was crying, and was upset when she spoke with Sergeant Black. Sergeant Black testified Victim told him Heath had sexually abused her and about his history of abusing her. He remained with her as she continued to cry until other officers arrived.

A rape kit was performed on Victim, and a hair was collected from her pubic hair combing and another from her rectal swab; both hairs matched Heath's DNA. The inside of Victim's underwear tested positive for saliva, which also matched Heath's DNA.

The State offered a compact disc that contained photographs of pornography from Heath's iPad, including exhibits marked State's Exhibits 22, 36, and 38 into evidence. Heath objected based on relevance and Rule 403 of the South Carolina Rules of Evidence. Specifically, Heath argued because the jury would hear testimony from Detective Michael Phipps that the pornography was present on the iPad and in Heath's web history, showing the jury the pornographic images would unfairly prejudice him. The trial court overruled the objection and admitted the exhibits, finding that the images corroborated Victim's testimony Heath watched pornography while he assaulted her. The trial court found the photographs on the iPad were from April 26, 2015, and December 2, 2014, and these dates corresponded with the days Victim stated Heath assaulted her. The trial court weighed the probative nature of the evidence against the danger of unfair prejudice and found it was highly probative and while it prejudiced Heath, it was not unfairly prejudicial.

Detective Phipps, an expert in forensic examination of digital devices, testified he extracted Exhibit 38—an image—from Heath's iPad and that someone viewed the pornographic video on December 2, 2014. Exhibit 38 was a screenshot from a pornographic video with the watermark "incesttv.com" on the bottom of the image. Detective Phipps explained incesttv.com was a website that included adult

roleplaying and involved incest, including father-daughter role-play. Exhibits 22 and 36 were admitted subject to Heath's prior objections. Exhibit 22 was a screenshot of a pornographic video, which contained the watermark "DaughterDestruction.com." Exhibit 36 contained a screenshot from a pornographic video and contained no watermark. Detective Phipps testified Exhibits 22 and 36 were accessed on Heath's iPad on April 26, 2015. He explained "daughterdestruction.com" was a website for "hardcore" pornography. Heath did not object to any of Detective Phipps's testimony regarding the watermarks.

The jury found Heath guilty on all four indictments. During sentencing, the State asserted that the legislature amended the first-degree CSC with a minor statute on July 1, 2006, which changed the prior sentencing range of zero to thirty years' imprisonment to twenty-five years' to life imprisonment. The State argued Heath was convicted of an ongoing activity from before the statute was amended until after its 2006 amendment and the trial court should therefore sentence him according to the new sentencing range. Heath argued the sentence should be determined based on the statute before the 2006 amendment because Victim's testimony indicated the conduct giving rise to the first-degree CSC with a minor charges occurred before July 1, 2006. The trial court sentenced Heath to life imprisonment for first-degree CSC with a minor, twenty years' imprisonment for second-degree CSC with a minor, and two sentences of ten years' imprisonment for third-degree CSC, all to run consecutively.

## ISSUES ON APPEAL

1. Did the trial court err by admitting photographs of pornography found on Heath's iPad?

2. Did the trial court err by admitting hearsay evidence of Victim's interview with law enforcement?

3. Did the trial court err by sentencing Heath to life imprisonment when the legislature amended the sentencing statute during the time of the alleged conduct found within the indictment date range?

## STANDARD OF REVIEW

The admission of evidence is left to the trial court's sound discretion, and its decision will not be reversed absent an abuse of discretion. *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 57-58 (2011). "An abuse of discretion occurs when

the trial court's ruling is based on an error of law." *Id.* at 444, 710 S.E.2d 58 (quoting *State v. McDonald*, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000)). "To warrant reversal based on the wrongful admission of evidence, the complaining party must prove resulting prejudice." *Id.* "Prejudice occurs when there is a reasonable probability the wrongly admitted evidence influenced the jury's verdict." *Id.*

"A trial [court] is allowed broad discretion in sentencing within statutory limits." *Brooks v. State*, 325 S.C. 269, 271, 481 S.E.2d 712, 713 (1997). "A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law or a factual conclusion without evidentiary support." *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010).

## LAW/ANALYSIS

### I.     Rule 403, SCRE

Heath argues the trial court erred by admitting screenshots of pornography found on his iPad. He asserts these images and their watermarks were unfairly prejudicial, and therefore, inadmissible under Rule 403, SCRE. We disagree.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Rule 403, SCRE. "Unfair prejudice means an undue tendency to suggest decision on an improper basis." *State v. Wiles*, 383 S.C. 151, 158, 679 S.E.2d 172, 176 (2009). "[T]he determination of prejudice must be based on the entire record, and the result will generally turn on the facts of each case." *State v. Stokes*, 381 S.C. 390, 404, 673 S.E.2d 434, 441 (2009).

"Courts must often grapple with disturbing and unpleasant cases, but that does not justify preventing essential evidence from being considered by the jury, which is charged with the solemn duty of acting as the fact-finder." *State v. Collins*, 409 S.C. 524, 535, 763 S.E.2d 22, 28 (2014). "A trial [court] is not required to exclude relevant evidence merely because it is unpleasant or offensive." *State v. Martucci*, 380 S.C. 232, 250, 669 S.E.2d 598, 607 (Ct. App. 2008). "[T]he standard is not simply whether the evidence is prejudicial; rather, the standard under Rule 403, SCRE is whether there is a danger of *unfair* prejudice that *substantially* outweighs the probative value of the evidence." *Collins*, 409 S.C. at 536, 763 S.E.2d at 28.

As to the watermarks on the images, Heath failed to preserve this issue for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal."). Heath never objected to Detective Phipps's testimony regarding the watermarks. Rather, Heath's objections at trial were to the displaying of pornography to the jury, he did not mention the watermarks or their unfair prejudice to the trial court. Thus, without raising the issue or drawing the trial court's attention to the watermarks' prejudicial nature, Heath failed to preserve this argument for appellate review.

We find the trial court did not abuse its discretion in admitting these photographs because the court weighed the photographs' probative value against the danger of unfair prejudice. Victim testified that on April 26, 2016, Heath watched pornography on his iPad while he sexually assaulted her. Exhibit 22 and 36 were accessed on Heath's iPad on that date, and Victim identified Exhibit 22 as the pornography Heath watched during that assault. Detective Phipps testified Exhibit 38 was accessed on Heath's iPad on December 2, 2014, and Victim testified Heath sexually assaulted her around his birthday, which was December 1. Since these exhibits corroborate Victim's testimony about the circumstances surrounding how Heath sexually assaulted her, evidence supports the trial court's finding that these photographs were highly probative. *See Collins*, 409 S.C. at 534, 763 S.E.2d at 27 ("If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it." (quoting *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996))); *State v. Hawes*, 423 S.C. 118, 130, 813 S.E.2d 513, 519 (Ct. App. 2018) (holding the trial court did not abuse its discretion in admitting crime scene photographs that established the circumstances of the crime and corroborated the testimony of a State's witness).

The corroboration of Victim's testimony of the events regarding her abuse was extremely probative. While the photographs do not paint Heath in a positive light, because they were part of the circumstances surrounding the crime, they were not unfairly prejudicial. *See Collins*, 409 S.C. at 536, 763 S.E.2d at 28 ("[T]he standard is not simply whether the evidence is prejudicial; rather, the standard under Rule 403, SCRE is whether there is a danger of *unfair* prejudice that *substantially* outweighs the probative value of the evidence."). We therefore conclude the trial court did not abuse its discretion in admitting Exhibits 22, 36, and 38.

## II.    Hearsay

Heath argues the trial court erred in admitting Victim's responses to law enforcement after the alleged assault. He asserts no evidence was presented to establish Victim was "excited" during the interview with Sergeant Black. We disagree.

An excited utterance is an exception to the rule against hearsay evidence. Rule 803(2), SCRE. An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." *Id.* "The rationale for the [excited utterance] exception lies in the special reliability accorded to a statement uttered in spontaneous excitement which suspends the declarant's powers of reflection and fabrication." *State v. Burdette*, 335 S.C. 34, 42, 515 S.E.2d 525, 529 (1999) (alteration in original) (quoting *State v. Blackburn*, 271 S.C. 324, 327, 247 S.E.2d 334, 336 (1978)).

"A court must consider the totality of the circumstances when determining whether a statement falls within the excited utterance exception." *State v. Davis*, 371 S.C. 170, 178, 638 S.E.2d 57, 62 (2006). Our supreme court "has generally allowed as excited utterances statements made by the victim to the police immediately following a physical attack." *Burdette*, 335 S.C. at 43, 515 S.E.2d at 530.

"The passage of time between the startling event and the statement is one factor to consider, but it is not the dispositive factor." *State v. Stahlnecker*, 386 S.C. 609, 623, 690 S.E.2d 565, 573 (2010). Although there is no hard and fast rule as to the time period when an excited utterance ends, our courts have admitted a victim's statement to law enforcement as an excited utterance when the statement was made shortly after an alleged sexual assault. *See State v. Harrison*, 298 S.C. 333, 337, 380 S.E.2d 818, 820 (1989) (allowing under the *res gestae* exception, the statements of an alleged rape victim to an officer at the hospital upon the first opportunity to tell what had occurred); *State v. Quillien*, 263 S.C. 87, 96-97, 207 S.E.2d 814, 819 (1974) (concluding a rape victim's statements to police after she arrived at the emergency room were admissible under the *res gestae* exception).

A. Merits

Here, Sergeant Black testified that when he arrived at the home, Victim was crying, her eyes were red, and she was visibly upset. Further, he stated she continued to cry into her pillow after he interviewed her. Only thirty minutes had passed since she was sexually assaulted by her father and Victim would have been under significant stress and emotional strain after having finally reported years of

abuse by her father. The passage of time is but one factor to consider, and we do not believe the lapse of thirty minutes between the assault and Victim's statements to Sergeant Black precluded their admission under the excited utterance exception. *See Burdette*, 335 S.C. at 43, 515 S.E.2d at 530 (admitting Victim's statement to a law enforcement officer as an excited utterance when no more than one hour passed between the attack and the victim's statement); *cf. State v. Burroughs*, 328 S.C. 489, 498, 492 S.E.2d 408, 412 (Ct. App. 1997) (explaining that the former *res gestae* exception had the same temporal requirement as the excited utterance exception). We find these facts support the trial court's conclusion that Victim's statements to Sergeant Black fell under the excited utterance exception.

Further, Heath's argument the excited utterance exception does not apply because the Victim was not "excited" is meritless. Our courts have ruled on multiple occasions that the excited utterance exception applies to a victim who was visibly upset and crying. *See Stahlnecker*, 386 S.C. at 623, 690 S.E.2d at 573 (holding a victim who "was upset and crying when she told her mother about the [sexual] abuse" was under the stress of excitement; thus, her statements were admissible as excited utterances). Rule 803(2), SCRE, requires that the declarant be under "the stress of excitement," not that the victim be excited. *See State v. Sims*, 348 S.C. 16, 22, 558 S.E.2d 518, 522 (2002) (holding declarant's statements were admissible under the excited utterance exception when declarant was "not crying or acting 'excited' in the sense of being animated when he made the statement" but whose demeanor was "characteristic of someone who [wa]s under the 'stress of excitement'"). The record reflects Victim was under the "stress of excitement." Based on the foregoing, we hold the trial court did not abuse its discretion by admitting Victim's statements to Sergeant Black.

B. Harmless Error

Moreover, any alleged error in admitting Victim's statements or Exhibits 22, 36, and 38 was harmless because the physical evidence against Heath was overwhelming. *See Collins*, 409 S.C. at 537, 763 S.E.2d at 29 ("The harmless error rule generally provides that an error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained."). Victim testified Heath performed oral sex on her on April 26, 2016, and saliva matching Heath's DNA was found on the inside of Victim's underwear immediately following the assault. Further, hairs from Victim's rectal swab and pubic hair combing matched Heath's DNA. *See Collins*, 409 S.C. at 538, 763 S.E.2d at 29-30 ("Another description frequently cited is that error 'is harmless where a defendant's guilt has been conclusively proven by competent evidence such that no other rational conclusion can be

reached.'" (quoting *State v. Bryant*, 369 S.C. 511, 518, 633 S.E.2d 152, 156 (2006))). We find there was overwhelming physical evidence of Heath's guilt and therefore any alleged error was harmless.

## III. Sentencing

Heath argues the first-degree CSC with a minor statute was amended to increase the maximum penalty from thirty years' imprisonment to life imprisonment in the middle of the date range alleged in the indictment and the trial court therefore erred in sentencing him to life imprisonment. We agree.

"In the absence of a controlling statute, the common law requires that a convicted criminal receive the punishment in effect at the time he is sentenced, unless it is greater than the punishment provided for when the offense was committed." *State v. Varner*, 310 S.C. 264, 265, 423 S.E.2d 133, 133 (1992). The legislature amended the first-degree CSC statute in 2006; prior to this amendment, the maximum sentence for first-degree CSC was thirty years' imprisonment. *See* S.C. Code Ann. § 16-3-655 (Supp. 2005), *amended by* S.C. Code Ann. § 16-3-655 (2015). The legislature amended the statute to provide that a person convicted of first-degree CSC be imprisoned for "twenty-five years, no part of which may be suspended or probation granted, or must be imprisoned for life." S.C. Code Ann. § 16-3-655 (Supp. 2006), *amended by* S.C. Code Ann. § 16-3-655 (2015).

The indictment alleged Heath committed first-degree CSC with a date range of September 16, 2004, to September 15, 2007. Victim testified she was first sexually assaulted when she was six or seven years old, and based on Victim's age at the time of trial, such assaults would have occurred between 2004 and 2006. Although the date range of the indictment fell under both the pre-amendment and post-amendment statutes, the majority of Victim's testimony regarding when Heath assaulted addressed conduct that occurred prior to the statutory amendment at issue. Without a factual finding as to when the abuse occurred, the trial court should have sentenced Heath within the pre-amendment maximum of thirty years' imprisonment. Accordingly, we vacate Heath's life sentence.

## CONCLUSION

Based on the foregoing, we affirm the trial court's admission of Exhibits 22, 36, and 38 and the testimony regarding Victim's statements to law enforcement. However, we vacate Heath's sentence for first-degree CSC with a minor and remand for resentencing in accordance with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

**KONDUROS and MCDONALD, JJ., concur.**