732 S.E.2d 225

**The STATE, Respondent,**

v.

**Glenn R. LEE, Appellant.**

**Appellate Case No. 2009–147706.**

**No. 5026.**

Court of Appeals of South Carolina.

Heard March 28, 2012.

Decided Aug. 22, 2012.

Rehearing Denied Sept. 20, 2012.

522

Jack B. Swerling, of Columbia, Katherine Carruth Goode, of Winnsboro, and Paul V. Cannarella, of Hartsville, all for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor William B. Rogers, Jr., of Bennettsville, for Respondent.

LOCKEMY, J.

In this criminal action, Glenn R. Lee contends the trial court made many evidentiary errors throughout the trial. Specifically, Lee argues the trial court erred in: (1) admitting testimony concerning Lee's alleged prior bad acts; (2) admitting a videotape and transcript of an interview with Victim and

testimony concerning the statements made in that interview; (3) qualifying a witness as an expert in forensic interview and assessment and delayed reporting; (4) denying a motion to suppress all evidence seized in the search of Lee's residence and all fruits of that search; (5) admitting evidence of alleged flight by Lee and his co-defendant (Donna Buie); (6) admitting evidence concerning involvement of the Department of Social Services (DSS); and (7) admitting photographs depicting nudity. In the alternative, Lee contends this case should be reversed and remanded because of cumulative error resulting in prejudice to him and a denial of his right to a fair trial. We reverse and remand.

**FACTS**

Lee was indicted in Darlington County in 2009 on charges of criminal sexual conduct (CSC) with a minor under the age of eleven years, committing or attempting to commit a lewd act upon a child under the age of sixteen years, and two counts of unlawful conduct toward a child. Buie, the mother of Victim, was also charged with two counts of unlawful conduct toward a child.

Lee's charges stem from allegations by Victim, first reported to law enforcement on November 12, 2007. Victim lived in the home of Lee, with Buie, her younger brother, and Lee, until July 7, 2007, when she left to live with her father. Victim alleged that while she was living in Lee's home, Lee touched her "lower private part" and penetrated her with his finger and made her touch his "lower private" as well. Victim also alleged she saw Lee and Buie engage in sexual activity with each other and with other individuals, and observed both Buie and Lee engage in drug activity in the home. Further, she alleged she watched pornographic material on television with Lee.

Arrest warrants were issued for Buie and Lee on January 23, 2008, and the U.S. Marshals' (Marshals) services were employed on January 26. At the pre-trial hearing, Stuart Cottingham, a member of the Marshals, testified Lee was found in Sumter, South Carolina, on February 6, 2008. The Marshals located Buie in Clarendon County living in a camper.

Lee and Buie were tried by a jury the week of October 25, 2009. During the trial, the State proffered twenty-five graph-

ic images recovered from a digital camera. However, they requested that only two of the photographs, Exhibits 149 and 150, be published to the jury. The two photographs were taken on February 6, 2008, in the camper where Marshals located Buie. The State argued the photographs portrayed an ongoing course of conduct directly related to Victim's testimony of events as alleged in the indictment, which states Lee participated in sexual activity in the presence of Victim. Lee argued the conduct depicted in the photographs was not relevant on any issue regarding the children or the elements of the indictment. Further, he maintained the evidence was unduly prejudicial. The trial court admitted the two photographs over his objection, stating it found the evidence probative because it corroborated the testimony of the Victim as to what events were occurring in the home. Further, the trial court found the State lessened the prejudicial effect of all the digital camera's contents by selecting only two photographs.

Lee was found guilty of all four charges and sentenced to concurrent terms of thirty years for the CSC offense, fifteen years for the lewd act offense, and ten years each for the unlawful conduct offenses. Lee moved for a new trial based on multiple alleged evidentiary issues, and the trial court denied his motion. This appeal followed.

## STANDARD OF REVIEW

■■■ " 'In criminal cases, the appellate court sits to review errors of law only.' " *State v. Kirton*, 381 S.C. 7, 22, 671 S.E.2d 107, 114 (Ct.App.2008) (quoting *State v. Preslar*, 364 S.C. 466, 472, 613 S.E.2d 381, 384 (Ct.App.2005)). " 'This court is bound by the trial court's factual findings unless they are clearly erroneous.' " *Id.* (quoting *Preslar*, 364 S.C. at 472, 613 S.E.2d at 384). "The appellate court does not re-evaluate the facts based on its own view of the evidence but simply determines whether the trial judge's ruling is supported by any evidence." *Id.* at 23, 671 S.E.2d at 114 (citing *State v. Wilson*, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001); *Preslar*, 364 S.C. at 472, 613 S.E.2d at 384; *State v. Mattison*, 352 S.C. 577, 583, 575 S.E.2d 852, 855 (Ct.App.2003)).

■■■ " 'The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion.' " *Id.*

(quoting *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001)). " 'A court's ruling on the admissibility of evidence will not be reversed by this Court absent an abuse of discretion or the commission of legal error which results in prejudice to the defendant.' " *Id.* at 23, 671 S.E.2d at 115 (quoting *State v. Hamilton*, 344 S.C. 344, 353, 543 S.E.2d 586, 591 (Ct.App. 2001), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005)). " 'An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support.' " *Id.* (quoting *State v. Irick*, 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001)).

" 'To show prejudice, there must be a reasonable probability that the jury's verdict was influenced by the challenged evidence or the lack thereof.' " *Kirton*, 381 S.C. at 24, 671 S.E.2d at 115 (quoting *State v. White*, 372 S.C. 364, 374, 642 S.E.2d 607, 611 (Ct.App.2007)). " 'Error is harmless when it could not reasonably have affected the result of the trial.' " *Id.* (quoting *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985)).

## LAW/ANALYSIS

### Admission of Sexually Graphic Photographs

Lee contends the trial court erred in admitting Exhibits 149 and 150 into evidence. Specifically, Lee argues these pictures were taken seven to eight months after the last alleged incident; thus, they were irrelevant, had no connection to the children or the crimes charged, and were unduly prejudicial. We find the trial court erred in the admission of the challenged photographs because of their unduly prejudicial nature.

Rule 403, SCRE states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." A trial court has particularly wide discretion in ruling on Rule 403 objections. *See State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct.App.2003) ("A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances. We ... are obligated to give great deference

to the trial court's judgment [regarding Rule 403]." (internal citation omitted)). However, "[p]hotographs calculated to arouse the sympathy or prejudice of the jury should be excluded if they are ... not necessary to substantiate material facts or conditions." *State v. Torres*, 390 S.C. 618, 623, 703 S.E.2d 226, 228 (2010). "[A] court analyzing probative value considers the importance of the evidence and the significance of the issues to which the evidence relates." *State v. Collins*, 398 S.C. 197, 727 S.E.2d 751, 754 (Ct.App.2012).

Lee was charged pursuant to section 16–3–655(A)(1) of the South Carolina Code (Supp.2011), which specifically states "[a] person is guilty of criminal sexual conduct with a minor in the first degree if the actor engages in sexual battery with a victim who is less than eleven years of age." Lee was also charged under section 16–15–140 of the South Carolina Code (2003), which states

[i]t is unlawful for a person over the age of fourteen years to wilfully and lewdly commit or attempt a lewd or lascivious act upon or with the body, or its parts, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the person or of the child.

Additionally, he was charged with two counts of unlawful neglect of a child pursuant to section 20–7–50 of the South Carolina Code (1985 & Supp.2011),[1] which provides

(A) It is unlawful for a person who has charge or custody of a child, or who is the parent or guardian of a child, or who is responsible for the welfare of a child as defined in Section 63–7–20 to:

(1) place the child at unreasonable risk of harm affecting the child's life, physical or mental health, or safety;

(2) do or cause to be done unlawfully or maliciously any bodily harm to the child so that the life or health of the child is endangered or likely to be endangered; or

(3) wilfully abandon the child.

---

1. Section 20–7–50 of the South Carolina Code (1985 & Supp.2011) was repealed with the former Children's Code and is now section 63–5–70 of the South Carolina Code (2010). 2008 Act No. 361.

"The probative value of the photos must be balanced against 'the danger of unfair prejudice.'" *Collins,* 398 S.C. at 207, 727 S.E.2d at 757. "Prejudice that is 'unfair' is distinguished from the legitimate impact all evidence has on the outcome of a case." *Id.* "'Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis.'" *Id.* (quoting *State v. Gilchrist,* 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct.App.1998)). "'All evidence is meant to be prejudicial; it is only *unfair* prejudice which must be [scrutinized under Rule 403].'" *Id.* (quoting *Gilchrist,* 329 S.C. at 630, 496 S.E.2d at 429).

"Photographs pose a danger of unfair prejudice when they have 'an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.* (quoting *State v. Holder,* 382 S.C. 278, 290, 676 S.E.2d 690, 697 (2009)). "Like probative value, unfair prejudice should be evaluated in the practical context of the issues at stake in the trial of the case." *Id.; see State v. Wilson,* 345 S.C. 1, 7, 545 S.E.2d 827, 830 (2001) ("The determination of prejudice must be based on the entire record and the result will generally turn on the facts of each case.").

The photographs at issue were taken at least seven months after the last possible incident with the Victim. Lee's subsequent conduct is not necessarily indicative of any conduct before or during the time period of the alleged incident. Further, Cottingham already testified to finding sexually graphic images on a digital camera and described them in detail. Admission of these other sexually graphic photographs was cumulative in nature and further lessened their probative value. The photographs' probative value was minimal at best.

While the photographs may have been relevant to the Victim's testimony about conduct in Lee's home during the time she lived there, we find the prejudicial nature of these photographs outweighed the probative value. Both photographs portrayed nude adults in suggestive positions. In one of the photographs, Lee was lying on a bed with another nude female, his genitalia in full view. The other photograph showed two nude females from their chests to their faces.

There are no children shown in the photographs. We find their primary purpose was to raise the emotions of the jury and to establish that Lee had a general sexually deviant disposition. After reviewing these photographs, we hold their admission was highly prejudicial in light of their sexually graphic nature. Accordingly, we find it was in error for the trial court to admit these two photographs.

The State's case was heavily based on the Victim's word against Lee's word; thus, we cannot find that the photographs were not harmful beyond a reasonable doubt. Accordingly, we reverse the trial court.

Because the determination of this issue is dispositive, we decline to address Lee's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that if an appellate court's ruling on a particular issue is dispositive of an appeal, rulings on remaining issues are unnecessary).

## CONCLUSION

For the foregoing reasons, we reverse and remand this case to the trial court.

**REVERSED AND REMANDED.**

WILLIAMS and THOMAS, JJ., concur.