**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Kristopher Wilmont Berry, Appellant.

Appellate Case No. 2011-198246

———————————

Appeal From Darlington County
J. Michael Baxley, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-396
Heard September 12, 2013 – Filed October 30, 2013

———————————

**AFFIRMED**

———————————

Appellate Defenders Dayne C. Phillips and Carmen V. Ganjehsani, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, both of Columbia, for Respondent.

———————————

**PER CURIAM:** Appellant Kristopher Berry challenges his conviction for criminal solicitation of a minor. Appellant argues the trial court violated Rule 403 of the South Carolina Rules of Evidence by admitting into evidence a photograph

showing Appellant when he was naked because Appellant stipulated to his ownership of the cell phone containing the photograph and Appellant did not send the photograph to the minor victim. Appellant also argues the trial court erred in admitting evidence of the offenses that led to Appellant's other-than-honorable discharge from the military. We affirm.

## FACTS/PROCEDURAL HISTORY

Appellant was the victim's gymnastics coach. In December 2009, Appellant purchased a prepaid cell phone for the victim so that he and the victim could send private text messages to one another. One month later, victim's father discovered the prepaid cell phone; on the prepaid phone, he found inappropriate text messages of a sexual nature that Appellant had sent to the victim.

In September 2010, Appellant was indicted for committing a lewd act upon a minor under the age of sixteen and criminal solicitation of a minor. At trial, the victim testified that Appellant had sent her a text message stating that he wanted to get her "out of her panties." Additionally, the victim identified several text messages from Appellant regarding setting up a time and location for a sexual encounter. In one text message, Appellant stated, "I can see us having sex, but the kiss should be interesting." When questioned as to whether anything happened between her and Appellant, the victim admitted that Appellant had "French-kissed" her in the gym's office during a practice session.

On direct examination, Appellant admitted to purchasing the prepaid cell phone, giving it to the victim, and sending the text messages to the victim. However, he claimed that the text messages he had sent to the victim were just jokes. He further testified that he never touched the victim inappropriately.

During cross-examination, Appellant repeatedly denied ownership of a cell phone that was collected from him after his initial interview with police. When shown the cell phone, Appellant responded, "This does not look like my phone." Appellant also testified, "I never lie."

Following Appellant's testimony, the State sought to admit a photograph of Appellant recovered from the cell phone in question. The photograph depicted Appellant, naked but covering his "private area" with his hand, holding the cell phone up in front of himself to take a picture of himself in the mirror. Defense counsel objected to the admission of the photograph, arguing that the photograph

was unfairly prejudicial. The trial court found that the photograph was directly relevant and probative on the issue of Appellant's credibility.

Following the court's ruling, defense counsel stated that he would stipulate to Appellant's ownership of the cell phone containing the photograph. In response, the State offered to crop the photograph below Appellant's waist so as to reduce the prejudicial impact. However, the trial court declined the State's offer, reasoning that cropping the picture might suggest to the jury that "some worse activity is occurring" in the missing part of the photograph. The trial court admitted the photograph over defense counsel's objection. In addition, the trial court instructed the jury that the photograph was to be considered for the limited purpose of determining Appellant's credibility as a witness.

The jury subsequently found Appellant not guilty of committing a lewd act upon a minor, but guilty of criminal solicitation of a minor. The trial court sentenced Appellant to ten years' imprisonment suspended upon the service of five years, followed by five years' probation. This appeal followed.

## LAW/ANALYSIS

### I. Admission of Naked Photograph

Appellant argues the trial court abused its discretion in admitting into evidence a naked photograph of Appellant with his genitalia covered. Appellant contends the photograph was unduly prejudicial and, thus, in violation of Rule 403, SCRE. He further argues the trial court abused its discretion in not allowing the State to crop the photograph or defense counsel to stipulate to Appellant's ownership of the cell phone containing the photograph, despite his prior denials of ownership.

### A. Probative Value

"Photographs calculated to arouse the sympathy or prejudice of the jury should be excluded if they are irrelevant or not necessary to substantiate material facts or conditions." *State v. Torres*, 390 S.C. 618, 623, 703 S.E.2d 226, 228 (2010). Rule 403, SCRE, provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." "To be classified as unfairly prejudicial, photographs must have a 'tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional

one.'" *Torres*, 390 S.C. at 623, 703 S.E.2d at 228-29 (quoting *State v. Franklin*, 318 S.C. 47, 55, 456 S.E.2d 357, 361 (1995)).

Throughout the trial, Appellant openly and adamantly, in the presence of the jury, denied that the cell phone containing the photograph in question belonged to him. In light of Appellant's testimony, the photograph was probative concerning Appellant's credibility considering it showed Appellant holding a cell phone seemingly identical to the cell phone in question, and considering that the cell phone in question was in evidence for the jury's comparison. Although a SLED agent testified to finding the photograph in question on the cell phone and described the image to the jury, his testimony did not include a detailed description of the phone which would have assisted the jury in determining whether the cell phone admitted into evidence belonged to Appellant. *Cf. State v. Lee*, 399 S.C. 521, 529, 732 S.E.2d 225, 229 (Ct. App. 2012) (finding the admission of sexually graphic photos had minimal probative value where the witness testified to finding sexually graphic images on a digital camera and described them in detail). Because the photograph demonstrating Appellant's use of the cell phone was arguably the strongest evidence that Appellant was the owner of the cell phone, we find the photograph in question had strong probative value. *See State v. Collins*, 398 S.C. 197, 202, 727 S.E.2d 751, 754 (Ct. App. 2012) (defining probative value as "the weight that a piece of relevant evidence will carry in helping the trier of fact decide the issues").

### B. Danger of Unfair Prejudice

"The probative value of the photos must be balanced against 'the danger of unfair prejudice.'" *Collins*, 398 S.C. at 207, 727 S.E.2d at 757. "Photographs pose a danger of unfair prejudice when they have 'an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.* (quoting *State v. Holder*, 382 S.C. 278, 290, 676 S.E.2d 690, 697 (2009)). "Like probative value, unfair prejudice should be evaluated in the practical context of the issues at stake in the trial of the case." *Id.* at 208, 727 S.E.2d at 757; *see State v. Wilson*, 345 S.C. 1, 7, 545 S.E.2d 827, 830 (2001) ("The determination of prejudice must be based on the entire record and the result will generally turn on the facts of each case.").

After reviewing the photograph, we find the photograph did not unduly prejudice the jury. Although Appellant is naked in the photograph, his genitalia are covered and he is not shown in a sexually suggestive position. Additionally, the primary

purpose of the photograph's admission was not to establish that Appellant had a sexually deviant disposition or to inflame the emotions of the jury, but to rebut Appellant's claim that he did not own the cell phone in question. *Cf. Lee*, 399 S.C. at 529-30, 732 S.E.2d at 229-30 (finding sexually graphic nude photographs of the appellant with other adults were unduly prejudicial where photographs showed the appellant's genitalia "in full view" and the primary purpose of the photographs was to "raise the emotions of the jury and to establish that [the appellant] had a generally sexually deviant disposition"). In fact, the jury was aware that the photograph was not sent to the victim and was not admissible for the purpose of determining Appellant's guilt. Accordingly, we find the trial court did not abuse its discretion in admitting the photograph into evidence.

## C. Denial of Offers to Stipulate and Crop the Photograph

The State is entitled to prove its case with evidence of its own choosing and "is not obligated to rely upon a defendant's stipulation." *State v. Johnson*, 338 S.C. 114, 122, 525 S.E.2d 519, 523 (2000) (citing 73 Am.Jur.2d *Stipulations* § 17 (1974)). In this instance, the State did not accept defense counsel's offer to stipulate to Appellant's ownership of the cell phone in question. Rather, the State offered to crop the photograph below Appellant's waist. Because the State was not obligated to accept defense counsel's stipulation, we find the trial court did not abuse its discretion in declining defense counsel's offer to stipulate. We further find the trial court acted well within its discretion in refusing to crop the photograph and, thereby, admitting the photograph in full. *See Torres*, 390 S.C. at 622-23, 703 S.E.2d at 228 ("The relevance, materiality, and admissibility of photographs are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion.").

## II. Admission of Military Discharge

Appellant argues the trial court erred in finding the acts which led to his other-than-honorable discharge from the Marines were admissible to impeach him under Rule 609(a)(2), SCRE, because his discharge did not constitute a conviction. He also argues the trial court erred in failing to conduct a Rule 404(b) analysis. We find Appellant's arguments are not preserved for appellate review.

"It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review." *State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 912 (Ct. App. 2004)

(citation and internal quotation marks omitted). "To preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court." *State v. Johnson*, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005). "The objection should be addressed to the trial court in a sufficiently specific manner that brings attention to the exact error." *Id.* "If a party fails to properly object, the party is procedurally barred from raising the issue on appeal." *Id.* at 58-59, 609 S.E.2d at 523.

Although defense counsel requested a hearing to determine the offenses that could be used to impeach Appellant, the only issue defense counsel raised during the hearing was whether or not the offenses were crimes of dishonesty. Defense counsel never raised any argument to the trial court regarding whether or not the military offenses constituted "convictions" under Rule 609(a)(2) and never asked the trial court to make any rulings pursuant to Rule 404(b). Defense counsel also did not object when the State indicated that the offenses were "military convictions." Additionally, defense counsel did not object when the trial judge admitted the impeachment evidence under Rule 609(a)(2). Accordingly, we find Appellant's arguments regarding Rule 404(b) and whether Appellant's prior acts constituted convictions under Rule 609(a)(2) are not preserved for our review. *See Johnson*, 363 S.C. at 58-59, 609 S.E.2d at 523 (finding that defendant failed to preserve his claim that the trial court erred in applying the moral turpitude standard in determining the admissibility of his prior convictions for impeachment purposes, where defense counsel did not specifically object to the application of the moral turpitude standard, but rather objected on the basis that the convictions were too remote).

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**