**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Jeffrey E. Morton, Appellant.

Appellate Case No. 2012-212989

Appeal From Orangeburg County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2015-UP-347
Heard May 14, 2015 – Filed July 15, 2015

**AFFIRMED**

Melinda Inman Butler, of The Butler Law Firm, of Union, and Chief Appellate Defender Robert Michael Dudek, of Columbia, both for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General David A. Spencer, Assistant Attorney General John Croom Colvin Hunter, and Assistant Attorney General Joshua L. Thomas, of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

**PER CURIAM:**  Jeffrey E. Morton appeals his conviction of assault and battery of a high and aggravated nature.  He argues the trial court erred in admitting the victim's testimony of prior bad acts because the bad acts were not established by clear and convincing evidence and the probative value was substantially outweighed by its danger of unfair prejudice.  He further argues the trial court erred in denying his motion for a directed verdict as to attempted murder because there was no evidence of malice.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in admitting the victim's testimony of prior bad acts:  *State v. Tapp*, 398 S.C. 376, 385, 728 S.E.2d 468, 473 (2012) ("The admission or exclusion of evidence is an action within the sound discretion of the [trial] court and will not be disturbed on appeal absent an abuse of discretion."); *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("Under Rule 404(b), SCRE, evidence of other bad acts is admissible to show motive . . . or intent."); *id.* ("To be admissible, other crimes that are not the subject of conviction must be proved by clear and convincing evidence."); *id.* at 6, 545 S.E.2d at 829 ("If there is any evidence to support the admission of the bad act evidence, the trial [court]'s ruling will not be disturbed on appeal."); *id.* at 7, 545 S.E.2d at 829-30 (finding a witness's testimony satisfied the clear and convincing standard for the admissibility of a prior bad act); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Lee*, 399 S.C. 521, 529, 732 S.E.2d 225, 229 (Ct. App. 2012) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." (internal quotation marks omitted) (alteration in original)).

2.  As to whether the trial court erred in denying Morton's motion for a directed verdict as to attempted murder:  *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("On appeal from the denial of a directed verdict, [an appellate court] must view the evidence in the light most favorable to the State."); *id.* ("[I]f there is any direct or *substantial* circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.").

**AFFIRMED.**

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**