**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Andrew Antonio Clemons, Appellant.

Appellate Case No. 2013-001951

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2015-UP-557
Submitted October 1, 2015 – Filed December 16, 2015

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Christina Catoe Bigelow, and Assistant Attorney General Vann Henry Gunter, Jr., all of Columbia; and Solicitor Christina Theos Adams, of Anderson, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Cope*, 405 S.C. 317, 343, 748 S.E.2d 194, 208 (2013)

("Generally, the admission of expert testimony is a matter within the sound discretion of the trial court." (quoting *State v. Whaley*, 305 S.C. 138, 143, 406 S.E.2d 369, 372 (1991))); *id.* at 343-44, 748 S.E.2d at 208 ("Thus, we will not reverse the trial court's decision to admit or exclude expert testimony absent a prejudicial abuse of discretion."); *State v. Grubbs*, 353 S.C. 374, 379, 577 S.E.2d 493, 496 (Ct. App. 2003) ("A trial court's ruling on the admissibility of an expert's testimony constitutes an abuse of discretion [when] the ruling is manifestly arbitrary, unreasonable, or unfair."); Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. White*, 382 S.C. 265, 270, 676 S.E.2d 684, 686 (2009) ("All expert testimony must satisfy the Rule 702 criteria, and that includes the trial court's gatekeeping function in ensuring the proposed expert testimony meets a reliability threshold for the jury's ultimate consideration."); *State v. Council*, 335 S.C. 1, 20, 515 S.E.2d 508, 518 (1999) (stating if the evidence is admissible under Rule 702, then the trial court should also analyze the evidence under Rule 403, SCRE); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."); *State v. Lee*, 399 S.C. 521, 527, 732 S.E.2d 225, 228 (Ct. App. 2012) ("A trial court has particularly wide discretion in ruling on Rule 403 objections."); *State v. Dial*, 405 S.C. 247, 260, 746 S.E.2d 495, 502 (Ct. App. 2013) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of relevant evidence should be reversed only in exceptional circumstances." (quoting *State v. Martucci*, 380 S.C. 232, 250, 669 S.E.2d 598, 607 (Ct. App. 2008))); *State v. Lyles*, 379 S.C. 328, 339, 665 S.E.2d 201, 207 (Ct. App. 2008) ("If judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal.").

**AFFIRMED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.