**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

James Simmons, Jr., Appellant.

Appellate Case No. 2013-002389

———————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-182
Heard March 9, 2016 – Filed April 20, 2016

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

———————

**PER CURIAM:** James Simmons, Jr. appeals his conviction for two counts of first-degree criminal sexual conduct with a minor, arguing the circuit court erred in

(1) allowing a pediatrician to testify to statements made by a child victim and (2) finding a child witness competent to testify. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.	As an initial matter, we question whether Simmons preserved his argument that the circuit court erred in admitting the testimony of the pediatrician despite the limitations of certain hearsay exceptions to the South Carolina Rules of Evidence: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *State v. Stahlnecker*, 386 S.C. 609, 617, 690 S.E.2d 565, 570 (2010) ("An objection must be made on a specific ground."); *Webb v. CSX Transp., Inc.*, 364 S.C. 639, 655, 615 S.E.2d 440, 449 (2005) (explaining that a contemporaneous objection is required to preserve issues for appellate review); *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("In order to preserve for review an alleged error in admitting evidence an objection should be sufficiently specific to bring into focus the precise nature of the alleged error so it can be reasonably understood by the trial judge."); *State v. Hicks*, 330 S.C. 207, 217, 499 S.E.2d 209, 214 (1998) ("A contemporaneous objection is necessary to preserve errors for direct appellate review . . . ."). Even on the merits, we find the circuit court did not err in admitting the testimony of the pediatrician despite the limitations of certain hearsay exceptions to the South Carolina Rules of Evidence: *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (finding improper admission of hearsay testimony to be harmless error where there was abundant evidence in the record from which the jury could have found the defendant guilty, notwithstanding the hearsay testimony); *State v. Weston*, 367 S.C. 279, 288, 625 S.E.2d 641, 646 (2006) ("The improper admission of hearsay is reversible error only when the admission causes prejudice."); *State v. Rivera*, 402 S.C. 225, 246, 741 S.E.2d 694, 705 (2013) (stating the harmless-error doctrine preserves the central purpose of a criminal trial, which is to decide the factual question of a defendant's guilt or innocence (citing *Arizona v. Fulminante*, 499 U.S. 279, 306–08 (1991))); *State v. Lee*, 399 S.C. 521, 527, 732 S.E.2d 225, 228 (Ct. App. 2012) ("To show prejudice, there must be a reasonable probability that the jury's verdict was influenced by the challenged evidence or lack thereof." (quoting *State v. Kirton*, 381 S.C. 7, 24, 671 S.E.2d 107, 115 (Ct. App. 2008))); *Lee*, 399 S.C. at 527, 732 S.E.2d at 228 ("Error is harmless when it could not reasonably have affected the result of the trial." (quoting *Mitchell*, 286 S.C. at 573, 336 S.E.2d at 151)).

2.     As to whether the circuit court erred in finding a child witness competent to testify:  Rule 601(a), SCRE ("Every person is competent to be a witness except as otherwise provided for by statute or these rules."); Rule 601(b), SCRE ("A person is disqualified to be a witness if the court determines that (1) the proposed witness is incapable of expressing himself concerning the matter as to be understood by the judge and jury either directly or through interpretation by one who can understand him, or (2) the proposed witness is incapable of understanding the duty of a witness to tell the truth."); *Sellers v. State*, 362 S.C. 182, 190–91, 607 S.E.2d 82, 86 (2005) ("A witness's mental illness is not enough to rebut the presumption set forth in Rule 601, SCRE.  A witness's mental capacity could, however, affect the credibility of that witness's testimony."); *State v. Needs*, 333 S.C. 134, 143, 508 S.E.2d 857, 861 (1998) ("The determination of a witness's competency to testify is a question for the trial court, and . . . will not be overturned absent an abuse of discretion."), *modified on other grounds*, *State v. Cherry*, 361 S.C. 588, 601 n. 14, 606 S.E.2d 475, 482 n. 14 (2004); *id.* ("The party opposing the witness has the burden of proving a witness is incompetent.").

**AFFIRMED.**

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**