**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

George Anthony Clark, Appellant.

Appellate Case No. 2017-001861

Appeal From Abbeville County
Donald B. Hocker, Circuit Court Judge

Unpublished Opinion No. 2020-UP-200
Submitted April 1, 2020 – Filed July 1, 2020

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia, for Respondent.

**PER CURIAM:** George Anthony Clark appeals his conviction of criminal sexual conduct with a minor and his sentence of fifteen years' imprisonment. On appeal, Clark argues the circuit court erred by not redacting (1) Clark's statements made during a police interview discussing pleading guilty in order to save the minor

from the trauma of testifying and his comments about being "drugged" and (2) the minor's statements in her forensic interview about her life.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001) ("The admission or exclusion of evidence is left to the sound discretion of the [circuit court], whose decision will not be reversed on appeal absent an abuse of discretion."); *State v. Scott*, 414 S.C. 482, 486, 779 S.E.2d 529, 531 (2015) ("An abuse of discretion occurs when the conclusions of the [circuit] court either lack evidentiary support or are controlled by an error of law." (quoting *State v. Laney*, 367 S.C. 639, 643-44, 627 S.E.2d 726, 729 (2006))); *Saltz*, 346 S.C. at 136, 551 S.E.2d at 252 ("The [circuit] court's factual conclusions as to the voluntariness of a statement will not be disturbed on appeal unless so manifestly erroneous as to show an abuse of discretion."); *State v. Miller*, 375 S.C. 370, 378, 652 S.E.2d 444, 448 (Ct. App. 2007) ("The [circuit court] determines the admissibility of a statement upon proof of its voluntariness by a preponderance of the evidence."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Gray*, 408 S.C. 601, 608, 759 S.E.2d 160, 164 (Ct. App. 2014) ("A [circuit] court has particularly wide discretion in ruling on Rule 403 objections." (quoting *State v. Lee*, 399 S.C. 521, 527, 732 S.E.2d 225, 228 (Ct. App. 2012))); *id.* at 609-10, 759 S.E.2d at 165 ("'Probative' means '[t]ending to prove or disprove.'" (quoting *Probative*, *Black's Law Dictionary* (9th ed. 2009) (alteration by the court))); *id.* at 610, 759 S.E.2d at 165 ("'Probative value' is the measure of the importance of that tendency to the outcome of a case.  It is the weight that a piece of relevant evidence will carry in helping the trier of fact decide the issues."); *id.* at 616, 759 S.E.2d at 168 ("Prejudice that is 'unfair' is distinguished from the legitimate impact all evidence has on the outcome of a case.").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.