**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Lawrence Orlando Postell, Appellant.

Appellate Case No. 2018-001658

---

Appeal From Abbeville County
Frank R. Addy, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-246
Submitted May 1, 2021 – Filed June 30, 2021

---

**AFFIRMED**

---

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

---

**PER CURIAM:** Lawrence Orlando Postell appeals his convictions and concurrent sentences of twenty-five years' imprisonment for first-degree burglary, twenty-five years' imprisonment for kidnapping, twenty years' imprisonment for

second-degree criminal sexual conduct, and ten years' imprisonment for first-degree assault and battery. He argues the trial court erred in (1) refusing to redact portions of his interview with law enforcement officers in which one of the officers told Postell they had a witness statement that Postell said he had "f-cked up" and was going to "get life," an officer stated Postell said he had "f-cked up" earlier in the interview, and Postell stated that he was going to be "gone for the rest of [his] life" and (2) refusing to charge the jury on spoliation.

1. The trial court did not abuse its discretion in admitting the statements because they were probative of Postell's guilt, and any danger of unfair prejudice or confusion of the issues was minimal. *See State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847–48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Lee*, 399 S.C. 521, 527, 732 S.E.2d 225, 228 (Ct. App. 2012) ("A trial court has particularly wide discretion in ruling on Rule 403 objections."); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances."); Rule 403, SCRE ("[R]elevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). Although the statements were unclear when viewed in isolation, when considering the statements within the context of the interview, they were probative of Postell's guilt—Postell stating he had "f-cked up" and worrying that he was going to be "gone for the rest of [his] life" indicated he believed he had erred. Additionally, the danger of unfair prejudice or confusion of the issues did not substantially outweigh their probative value. *See* Rule 403, SCRE ("[R]elevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). The victim's neighbor testified that she saw Postell the morning of the attack and he told her he "f-cked up." Finally, the interview placed the statements in context; watching the video of the interview clarified for the jurors what elicited the statements at issue and allowed the jurors to draw their own conclusion about the inferences to be made from the statements. *See State v. Gillian*, 373 S.C. 601, 609, 646 S.E.2d 872, 876 (2007)

("The determination of the prejudicial effect of the evidence must be based on the entire record and the result will generally turn on the facts of each case."). Therefore, the trial court did not abuse its discretion in admitting Postell's statements.

2. The trial court properly refused Postell's request to charge the jury on spoliation because Postell did not produce any evidence that the State lost or destroyed the money at issue. *See State v. Brown*, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App. 2004) ("To warrant reversal, a trial [court's] refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. McBride*, 416 S.C. 379, 389, 786 S.E.2d 435, 440 (Ct. App. 2016) ("Adverse inference charges are rarely permitted in criminal cases."). To the contrary, an Abbeville County Sherriff's Department sergeant testified he counted the money in Postell's presence and turned it back over to Postell's property. The State also produced a form Postell signed stating that he was releasing the money from the jail to Postell's mother. Thus, we find the trial court properly refused to charge the jury on spoliation.

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.