**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Carmie Josette Nelson, Appellant.

Appellate Case No. 2019-000788

———————

Appeal From Charleston County
J.C. Nicholson, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-330
Submitted June 1, 2021 – Filed September 15, 2021

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek and Appellate Defender Sarah Elizabeth Shipe, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————

**PER CURIAM:** Carmie Josette Nelson appeals her murder conviction and life sentence. Nelson argues the trial court erred by (1) allowing the jury to have copies of a transcript of audio recordings during deliberations when the recordings had been played multiple times at trial because it placed undue emphasis on the evidence and (2) admitting gruesome autopsy photographs. We affirm.

1. As to whether the trial court erred in allowing the jury to have a transcript of the recordings during deliberations, we find any error was harmless because the jury received the transcript during trial while they listened to the recordings; the recordings were sent back with the jury during deliberations; and the recordings themselves included Nelson's statement that she attacked Victim with a hammer and when Victim fell, Nelson "commenced to . . . still hitting [Victim] and . . . didn't . . . stop."[1] *See State v. Chavis*, 412 S.C. 101, 109, 771 S.E.2d 336, 340 (2015) ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result."); *id.* at 109-10, 771 S.E.2d at 340 ("Whether an error is harmless depends on the circumstances of the particular case. No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case.").

2. As to whether the trial court abused its discretion in admitting into evidence Victim's autopsy photographs, we find the photographs assisted the medical examiner in his testimony regarding Victim's injuries, allowed the jury to better understand his testimony, and did not constitute unfair prejudice. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Wise*, 359 S.C. 14, 21, 596 S.E.2d 475, 478 (2004) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Lee*, 399 S.C. 521, 527, 732 S.E.2d 225, 228 (Ct. App. 2012) ("A trial court has particularly wide discretion in ruling on Rule 403 objections."); *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996) ("The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court."); *State v. Holder*, 382 S.C. 278, 290, 676 S.E.2d 690, 697 (2009) ("To constitute unfair prejudice, the photographs must

---

[1] We note the disputed information in the transcripts pertained to Victim's actions prior to Nelson hitting her; Nelson's comments regarding the attack were clearly audible on the recording.

create 'an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting *State v. Jackson*, 364 S.C. 329, 334, 613 S.E.2d 374, 376 (2005))); *id.*, 382 S.C. at 290-91, 676 S.E.2d at 697 (holding the court properly exercised its discretion in admitting graphic autopsy photographs when the facts in the case were graphic and the photos corroborated the pathologist's testimony and aided the jury in understanding that testimony).

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.