**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jarvise Terrell Jenkins, Appellant.

Appellate Case No. 2023-000197

————————

Appeal From Hampton County
Edward W. Miller, Circuit Court Judge

————————

Unpublished Opinion No. 2025-UP-167
Submitted January 1, 2025 – Filed May 21, 2025

————————

**AFFIRMED**

————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

————————

**PER CURIAM:** Jarvise Terrell Jenkins appeals his conviction for murder in connection with the death of Anelia Garvin and his sentence of fifty years'

imprisonment.  On appeal, Jenkins argues the trial court erred by admitting (1) testimony from six witnesses[1] regarding prior difficulties between Jenkins and Garvin because the probative value of the prior difficulties testimony was substantially outweighed by the danger of unfair prejudice, (2) testimony that Jenkins strangled and threatened to kill April Cook because the State did not establish a logical connection between the testimony and the crime charged, and (3) testimony recounting an incriminating statement Jenkins made while he strangled and threatened to kill Cook because the testimony did not meet the identity exception to Rule 404(b) of the South Carolina Rules of Evidence.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the trial court did not abuse its discretion by admitting testimony from multiple witnesses about prior difficulties between Jenkins and Garvin, including difficulties in their relationship.  Taken in the aggregate, we hold the probative value of the statements was not substantially outweighed by the danger of unfair prejudice.  *See State v. Martucci*, 380 S.C. 232, 247, 669 S.E.2d 598, 606 (Ct. App. 2008) ("A court's ruling on the admissibility of evidence will not be reversed by [appellate courts] absent an abuse of discretion or the commission of legal error which results in prejudice to the defendant." (quoting *State v. Hamilton*, 344 S.C. 344, 353, 543 S.E.2d 586, 591 (Ct. App. 2001))); *id.* ("An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support." (quoting *State v. Irick*, 344 S.C. 460, 463, 545 S.E.2d 282, 284 (2001))); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *id.* ("It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Lyle*, 125 S.C. 406, 417, 118 S.E. 803, 807 (1923) (finding that to determine whether a piece of evidence falls within any of the Rule 404(b) exceptions, courts should consider whether the evidence is "logically pertinent" to the exception sought to be used "in that it reasonably tends to prove a material fact in issue"); *Martucci*, 380 S.C. at 252, 669 S.E.2d at 608 ("Even though the evidence [of prior bad acts] is clear and convincing, . . . it must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Gray*, 408 S.C. 601, 609-10, 759 S.E.2d 160, 165 (Ct. App. 2014) ("'Probative' means 'tending to prove or disprove.'" (quoting *Black's Law Dictionary* 1323 (9th ed. 2009))); *State v. Lee*, 399 S.C. 521, 529, 732 S.E.2d 225, 229 (Ct. App. 2012) (stating unfair prejudice "refers to evidence which tends to suggest a decision on an

---

[1] The six witnesses are Brian Townsend, Alexis Williams, Mariah Boles, Kimberly Williams, Erica Davenport, and Stephanie Garvin.

improper basis" (quoting *State v. Collins*, 398 S.C. 197, 207, 727 S.E.2d 751, 757 (Ct. App. 2012))). We acknowledge that the State presented multiple witnesses to establish the toxicity of Jenkins's relationship with the victim and to demonstrate his stalking of and escalating violence against her. However, as previously noted, this evidence was admissible under Rule 404(b) because it supported the State's theory as to the identity of the perpetrator. We further note much of this evidence was cumulative, and the State proved Jenkins's guilt through additional competent evidence. *See State v. Blackburn*, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978) ("[T]he admission of improper evidence is harmless where it is merely cumulative to other evidence."); *see also State v. Gillian*, 373 S.C. 601, 610, 646 S.E.2d 872, 876 (2007) (finding an unnecessary amount of evidence admitted is considered harmless when the defendant's "guilt has been proven by competent evidence such that no other rational conclusion can be reached").

2. As to issues two and three, we hold the trial court did not abuse its discretion by admitting testimony from Cook that Jenkins tried to strangle her and threatened to kill her, nor by admitting Cook's testimony that Jenkins asked her whether she thought "this [was] the first time [he] did this" because the testimony was admissible under the identity exception to Rule 404(b), as a statement against interest, and as a statement by a party opponent. *See Martucci*, 380 S.C. at 247, 669 S.E.2d at 606 ("A court's ruling on the admissibility of evidence will not be reversed by [appellate courts] absent an abuse of discretion or the commission of legal error which results in prejudice to the defendant." (quoting *Hamilton*, 344 S.C. at 353, 543 S.E.2d at 591)); *id.* ("An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support." (quoting *Irick*, 344 S.C. at 463, 545 S.E.2d at 284)); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."); *id.* ("It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *Lyle*, 125 S.C. at 417, 118 S.E. at 807 (stating the test to determine whether a piece of evidence falls within any of the Rule 404(b) exceptions is whether the evidence is "logically pertinent" to the exception sought to be used "in that it reasonably tends to prove a material fact in issue"); *id.* at 420, 118 S.E. at 808 (stating for evidence to be admitted under the identity exception to Rule 404(b) based on similarity, "the similarity must have established such a connection between the [acts] as would logically exclude or tend to exclude the possibility that the . . . crime could have been committed by another person"); *State v. Cope*, 385, S.C. 274, 284, 684 S.E.2d 177, 182 (Ct. App. 2009) ("[T]he bad act must logically relate to the crime with which the defendant had been charged." (quoting *State v. Pagan*, 369 S.C. 201, 211, 631 S.E.2d 262, 267 (2006))); Rule

804(b)(3), SCRE (stating "[a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true" is not excluded by the hearsay rule when the declarant is unavailable as a witness); *id.* ("A statement tending to expose the declarant to criminal liability . . . is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."); *State v. McDonald*, 343 S.C. 319, 323, 540 S.E.2d 464, 466 (2000) (finding the question of whether a statement against interest has been sufficiently corroborated "should be left to the discretion of the trial [court] 'after considering the totality of the circumstances under which a declaration against penal interest was made'" (quoting *State v. Kinloch*, 338 S.C. 385, 391, 526 S.E.2d 705, 708 n.5 (2000)); Rule 801(d)(2), SCRE (stating a statement that is offered "against a party and is . . . the party's own statement in either an individual or representative capacity" is not hearsay). We further hold the probative value of Cook's testimony was not substantially outweighed by the danger of unfair prejudice. *See Martucci*, 380 S.C. at 252, 669 S.E.2d at 609 ("Even though the evidence [of prior bad acts] is clear and convincing, . . . it must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *see also Gray*, 408 S.C. at 609-10, 759 S.E.2d at 165 ("'Probative' means '[t]ending to prove or disprove.'" (quoting *Black's Law Dictionary*, 1323 (9th ed. 2009))); *Lee*, 399 S.C. at 529, 732 S.E.2d at 229 (stating unfair prejudice "refers to evidence which tends to suggest a decision on an improper basis" (quoting *Collins*, 398 S.C. at 207, 727 S.E.2d at 757)).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.