**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antone B. Ellis Tremayne Blakely, Appellant.

Appellate Case No. 2023-000721

Appeal From Laurens County
Donald B. Hocker, Circuit Court Judge

Unpublished Opinion No. 2025-UP-394
Submitted November 1, 2025 – Filed December 3, 2025

**AFFIRMED**

Senior Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

**PER CURIAM:** Antone B. Ellis Tremayne Blakely appeals his convictions and concurrent sentences of forty years' imprisonment for murder, twenty-five years' imprisonment for kidnapping, five years' imprisonment for criminal conspiracy, five years' imprisonment for possession of a weapon during commission of a violent crime, and time served for third-degree assault and battery by mob. On appeal, Blakely argues the trial court abused its discretion by (1) admitting a hearsay statement made by the victim to David Little naming Blakely as an assailant and (2) admitting three black-and-white autopsy photos of the victim's gunshot wounds when the cause of death was not in dispute. We affirm pursuant to Rule 220(b), SCACR.

1. As to issue one, we hold the trial court did not abuse its discretion by admitting the victim's hearsay statements into evidence under the excited utterance exception. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Rule 802, SCRE (stating an excited utterance exception to the rule against hearsay exists when a "statement relating to a startling event or condition [was] made while the declarant was under the stress of excitement caused by the event or condition"); *State v. McHoney*, 344 S.C. 85, 94, 544 S.E.2d 30, 34 (2001) ("An excited utterance expresses the real belief of the speaker because the utterance is made under the immediate and uncontrolled domination of the senses, rather than under reason and reflection."); *State v. Sims*, 348 S.C. 16, 21, 558 S.E.2d 518, 521 (2002) (explaining that under the excited utterance exception, three elements must be met: "First, the statement must relate to a startling event or condition. Second, the statement must have been made while the declarant was under the stress of excitement. Third, the stress of excitement must be caused by the startling event or condition"). We find that although a short period of time elapsed between the assault and the victim's statements: (1) the statements pertained to the assault; (2) the statements were made under the stress of the excitement of the assault because the victim was upset by the assault and assailants were still in the victim's home; and (3) but for the assault, the victim would not have made the statements. *See State v. Whisonant*, 335 S.C. 148, 155, 515 S.E.2d 768, 772 (Ct. App. 1999) ("The mere fact that a statement was made some time after the incident occurred does not mean the statement cannot qualify as an excited utterance, provided the circumstances surrounding the statement indicate its reliability.").

2.  As to issue two, we hold the trial court did not abuse its discretion by admitting three black-and-white autopsy photographs of the victim's gunshot wounds into evidence.  *See State v. Dickerson*, 395 S.C. 101, 116, 716 S.E.2d 895, 903 (2011) ("The admission of evidence is within the circuit court's discretion and will not be reversed on appeal absent an abuse of that discretion."); *Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Lee*, 399 S.C. 521, 527, 732 S.E.2d 225, 228 (Ct. App. 2012) ("A trial court has particularly wide discretion in ruling on Rule 403 [of the South Carolina Rules of Evidence] objections.").  We hold that because the autopsy photographs corroborated the pathologist's testimony, which refuted Blakely's self-defense claim, the autopsy photographs were relevant.  *See* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Martucci*, 380 S.C. 232, 249, 669 S.E.2d 598, 607 (Ct. App. 2008) ("The State has the right to prove every element of the crime charged and is not obligated to rely upon a defendant's stipulation."); *id.* at 250, 669 S.E.2d at 607 ("Admitting photographs which serve to corroborate testimony is not an abuse of discretion.").  Further, we find the probative value of the autopsy photographs was not substantially outweighed by the danger of unfair prejudice because they did not suggest a decision on an improper basis.  *See State v. Nelson*, 440 S.C. 413, 420, 891 S.E.2d 508, 511 (2023) ("Under Rule 403, . . . relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice."); *State v. Gray*, 408 S.C. 601, 608-09, 759 S.E.2d 160, 164 (Ct. App. 2014) ("In exercising its discretion on a Rule 403 objection to the admissibility of autopsy photographs, the trial court 'must balance the [unfair prejudice] of graphic photos against their probative value.'" (alteration in original) (quoting *State v. Dial*, 405 S.C. 247, 260, 746 S.E.2d 495, 502 (Ct. App. 2013))); *id.* at 610, 759 S.E.2d at 165 ("'Probative value' is the measure of the importance of that tendency to the outcome of a case."); *id.* ("[A] court analyzing probative value considers the importance of the evidence and the significance of the issues to which the evidence relates."); *id.* at 616, 759 S.E.2d at 168 ("Prejudice that is 'unfair' is distinguished from the legitimate impact all evidence has on the outcome of a case."); *State v. Holder*, 382 S.C. 278, 290, 676 S.E.2d 690, 697 (2009) ("To constitute unfair prejudice, the photographs must create 'an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting *State v. Jackson*, 364 S.C. 329, 334, 613 S.E.2d 374, 376 (2005))).

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.